(No. 23802.—

THE R. S. BLOME COMPANY *et al.* Appellants, *vs.* K. L. AMES, Director of Finance, *et al.* Appellees.

*Opinion filed February 18, 1937.*

JONES, SHAW, and WILSON, JJ., dissenting.

BENJAMIN F. J. ODELL, for appellants.

OTTO KERNER, Attorney General, (MONTGOMERY S. WINNING, and WILLIAM C. CLAUSEN, of counsel,) for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the court:

In the circuit court of Cook county appellants sought to enjoin appellees from requiring them to pay a tax under the provisions of "An act in relation to a tax upon persons

engaged in the business of selling tangible personal property to purchasers for use or consumption," approved June 28, 1933, effective July 1, 1933. (Laws of 1933, p. 924.) They also challenge the validity of rule 6 issued by the Illinois Department of Finance. This rule has reference to contractors. Appellees moved to dismiss the amended complaint on the ground that appellants come within the provisions of the act and are required to pay a tax measured by their gross receipts from the transfer of tangible personal property for use or consumption and not for re-sale. The motion was sustained and the court rendered a decree dismissing the amended complaint for want of equity. This appeal followed.

Appellants include individuals, firms and corporations engaged as general and sub-contractors in practically all the building trades. They contract to furnish and install building materials and fixtures, to do excavating, make foundations, erect buildings and make various kinds of repairs to buildings already built. Where the cost of materials and supplies furnished is computed separate from the labor, either in the contract or billing to the owner, the rule requires a computation of tax to be made on the gross receipts for materials. If no such separation is made either in the contract or billing, the computation is on the lump sum paid the contractor or sub-contractor for work and materials.

It is the contention of appellants that they do not come within the act, and that they make no sales but render service, and the materials they furnish are only incidental to the service they render. They also insist that it was not the intent of the legislature that building contractors and sub-contractors be taxed under this act. In *Brevoort Hotel Co.* v. *Ames,* 360 Ill. 485, the question was whether persons engaged in the business of serving meals in restaurants or hotels conducted on the so-called European plan were persons engaged in the business of selling tangible personal property at retail in this State within the meaning of the

act. In *Bradley Supply Co.* v. *Ames,* 359 Ill. 162, the same question was presented as to jobbers who sold to plumbing contractors engaged in the same business as that carried on by some of the appellants in the case here. In the *Brevoort Hotel Co. case,* in spite of the fact that at common law inn-keepers and restaurateurs were said to "utter" rather than sell the food they served to guests, and we held the hotel company liable. In the *Bradley Supply Co. case* we recognized that plumbing fixtures become real instead of personal property by accession, but we held that there was a transfer of title to personal property from the plumbing contractor to the owner of the real estate, and that the words "any transfer," in the first section of the act, were broader in scope than the technical term "sale." The owner was held to be the ultimate user or consumer contemplated by the act, and the jobbers who sold plumbing supplies to plumbing contractors were held to be exempt for the reason that under this act their transfers were for re-sale and not for use or consumption. The *Bradley Supply Co. case* did not depend on any peculiar facts with reference to percentages of profit charged or sales completed before the work was done and the materials were furnished. It was based on the fact that jobbers made no transfers of title of tangible personal property for use or consumption and that plumbing contractors did make such transfers. Appellants transfer title to all materials which they furnish to the owners of the real estate. It makes no difference whether such transfer be by sale or accession. The transfer named in the act is, "any transfer of title to tangible personal property." Appellants at no time acquire or transfer title to any interest in real estate. The real estate at all times is the real estate of the owners with whom appellants contract. It makes no difference that the moment the title to the personal property leaves appellants and vests in such owners of real estate, by operation of law it becomes, *eo instanti,* real instead of personal property. The fact remains that all

the title the appellants transfer, whether by sale or accession, is title to personal property.

The *Bradley Supply Co. case, supra,* is conclusive as to the points now urged. *Burgess Co.* v. *Ames,* 359 Ill. 427, which held such services as blue-printing, photostating and commercial photography were not within the act and therefore were not taxable is not applicable to the case before us.

Appellants rely on our holding in *Peoples Gas Light and Coke Co.* v. *Ames,* 359 Ill. 152, in support of their contention that the history of this act while it was pending in the legislature shows that the General Assembly did not intend that building contractors should be subject to the Retailers' Occupation Tax act. What was said in that decision had reference to the occupation of public utilities engaged in rendering service and not to the business of transferring title to tangible personal property for use or consumption. While the rejected amendments to the act may properly be considered in an effort to determine the intention of the legislature, they cannot, and do not, overcome the intention, plainly expressed, to subject to taxation all persons engaged in occupations involving the transfer of tangible personal property for use or consumption and not for re-sale.

However, appellants are correct in their contention that the appellee Director of Finance, was without power to control the appellants' method of billing to or the form of their contracts with owners. The statute provides the method of computing the occupational tax where the taxpayer fails, or refuses to keep books and make reports, and only such penalties as are provided by the statute can be imposed upon the tax-payer.

When sales to the owners are of fabricated materials or equipment, the department may compute the tax on the price of such materials so fabricated, but when materials are furnished to be used to erect or repair a structure, the

service involved in such erection or repair does not constitute tangible personal property, or the sale thereof.

The decree of the trial court is erroneous and is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion. *Reversed and remanded.*

JONES, SHAW and WILSON, JJ., dissenting.