THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GRANT STUART McGRENERA, Defendant-Appellant.

Fourth District   No. 17626

Opinion filed August 25, 1982.

LONDRIGAN, J., dissenting.

John N. Stevens, of Arnold, Gesell, Schwulst & Stevens, of Bloomington, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:
Defendant was charged by information in the circuit court of McLean County with the offense of battery in violation of section 12–3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 12–3) in that he made a physical contact of an insulting or provoking nature upon a named female. He waived his right to jury trial and was found guilty at bench. He was sentenced to a fine of $100. Thereafter

defendant filed a motion for modification of sentence in which he alleged that the trial court was in error in not considering supervision as a disposition in accordance with section 5—6—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—1(c)) (the UCC). The court denied the motion and this appeal ensued.

At issue is our opinion in *People v. Bodine* (1981), 97 Ill. App. 3d 42, 422 N.E.2d 256, wherein it was held that supervision is available only to such defendants as plead guilty or enter into a stipulation in accordance with section 5—6—1(c) of the UCC, not to defendants who stand trial. The trial court held that it was bound by *Bodine*; defendant argued there, and here, that *Bodine* was erroneously decided and asks us to reconsider. He further argued in the trial court, and here, constitutional issues: that *Bodine*, as decided, is a violation of due process and equal protection.

■ We disagree. *Bodine* was properly decided and we take this opportunity to elaborate upon it.

The legislative history of section 5—6—1(c) is helpful in reviewing what the General Assembly was attempting to do, but we find that the effort was abortive. The supreme court in *People v. Breen* (1976), 62 Ill. 2d 323, 342 N.E.2d 31, held supervision as a penalty to be illegal since it had no statutory basis. In reaction to this decision at least 10 bills were introduced at the spring 1976 session of the General Assembly. Two of them are the principal vehicles for this discussion: House Bill 3954 and Senate Bill 1997. It should also be noted that the main controversies, as shown from the debates, revolved about two issues: (1) who should be eligible for supervision, felons, misdemeanants, traffic offenders, and what class of each; and (2) whether the consent of the State's Attorney was required. Little attention was paid to the procedural aspects.

As it now stands, the statute states in pertinent part:

> "The court may, upon a plea of guilty or a stipulation by the defendant of the facts supporting the charge or a finding of guilt, defer further proceedings and the imposition of a sentence, and enter an order for supervision ***." (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—1(c).)

For purposes of the instant discussion, it must be borne in mind that the phrase "plea of guilty or" was added to the statute by Public Act 80—810, Senate Bill 228, approved September 20, 1977. This occurred after the events described hereinafter concerning House Bill 3954 and Senate Bill 1997, which occurred in June 1976.

Defendant argues that the statute provides three situations in which supervision is available: (1) plea of guilty, (2) stipulation of facts

supporting the charge, or (3) after a finding of guilty at trial. In *Bodine* we held that the third alternative was not authorized by the statute.

Senate Bill 1997, as originally drafted and introduced, provided:

> "Whenever a person pleads guilty or is found guilty of any offense *** the court may, without entering a judgment of guilty, place such person under court supervision ***."

At this juncture the legislation is clearly following the pattern set by section 410(a) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1981, ch. 56½, par. 1410(a)), which provides in pertinent part:

> "Whenever any person *** pleads guilty to or is found guilty of possession ***, the court, without entering a judgment *** may sentence him to probation."

This is the normal pattern for the compassionate statutes which allow an accused person to accept punishment and at the same time maintain a clear record. The judgment of the court is the critical factor; by without holding judgment there is no adjudication of guilt. This is clearly spelled out in the Unified Code of Corrections:

> " 'Judgment' means an adjudication by the court that the defendant is guilty or not guilty, and if the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court." Ill. Rev. Stat. 1981, ch. 38, par. 1005—1—12.

The supreme court has repeatedly held that the final judgment in a criminal case is the sentence. (*People v. Becker* (1953), 414 Ill. 291, 111 N.E.2d 491; *People v. Rose* (1969), 43 Ill. 2d 273, 253 N.E.2d 456; *People ex rel. Filkin v. Flessner* (1971), 48 Ill. 2d 54, 268 N.E.2d 376; *People v. Warship* (1974), 59 Ill. 2d 125, 319 N.E.2d 507.) It has further held that a judgment without a sentence is a nullity and must be vacated. *People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1.

Since the compassionate statute bypasses this procedure, it is essential that this be spelled out with particularity. Judgment and sentence are intimately linked; judgment without sentence is a nonentity (*Lilly*), and too long delay between judgment and sentence will deprive a court of jurisdiction (*Breen; People ex rel. Boenert v. Barrett* (1903), 202 Ill. 287, 67 N.E. 23); by extension of logic, a sentence without a judgment is likewise inoperative. Any irruption of this pattern is a legislative prerogative (*Breen*), but must be accomplished with great care.

The Senate passed the bill in its initial form as set forth above. If it had so remained, there could be no doubt that supervision would be an available option after trial. In fact, an amendment was offered in the Senate which would eliminate supervision after trial and it was

defeated.

In the House a quite different approach was being taken. House Bill 3954, as originally introduced, provided:·

"The court may, with the consent of the defendant and the appropriate prosecuting authority, upon a stipulation by the defendant of the facts supporting the charge or a finding of guilt, defer further proceedings and the imposition of a sentence, and enter an order for supervision \*\*\*."

When the bill was reported out of committee, the language providing the predicate for supervision was deleted and the bill then stated:

"The court may, with the consent of the defendant and the appropriate prosecuting authority, defer further proceedings and the imposition of a sentence, and enter an order for supervision \*\*\*."

Debate then followed and Amendment No. 1 was introduced which inserted after the word "authority" the words "upon a plea of guilty by the defendant or a finding of guilt." This amendment was tabled and Amendment No. 2 was offered and adopted which restored the original language of the bill as introduced. This was the final version as adopted by the House.

All of the House action came in the form of an amendment to Senate Bill 1997. The matter was then referred to a conference committee which recommended that the House recede from its amendment and that Senate Bill 1997 be amended. The amended Senate Bill 1997, as reported from the conference committee, was section 5—6—1 of the UCC as it now stands with the exception of the plea of guilty which was added to subparagraph (c) at a subsequent session of the General Assembly as explained above. There were also additional amendments adding section 5—6—3.1 concerning incidents and conditions of supervision and adding language to section 5—6—4 to encompass supervision.

The conference committee's report was adopted by both houses and as is evident from the detailed recitation above, was essentially the House version with the elimination of the consent of the defendant and the prosecuting authority.

Some of the debate in the House indicates that the members believed that the language of the amendment permitted supervision after trial. A portion of the debate on June 9, 1976, is as follows:

"Schlickman: The Bill, as it was introduced, provided that the court would have the authority to grant supervision if it had been consented to by the State's Attorney. Amend-

ment #1 provided that as a condition for supervision there should not only be the consent of the State's Attorney, but that there be a plea of guilty by the defendant, or in the alternative a finding of guilt by the judge. What Amendment #2 is, simply ... What Amendment #2 simply does is to substitute for the plea of guilty, a stipulation of fact by the defendant, so that if there is subsequently a violation of supervision, the judge could enter, automatically, a judgment against the defendant without the defendant having the opportunity of arguing the fact in the trial.

Maragos: And that is also for the fact that ... the difficulty of finding witnesses to come back to testify. But, isn't this Amendment #2, ... a finding of guilty necessary? Outside of the fact that it stipulates ...

Schlickman: No, it's in the alternative. Actually it establishes ...

\* \* \*

Schlickman: What the Amendment simply does is to codify what the actual practice was prior to the Supreme Court decision in *Breen.*

\* \* \*

Duff: I don't find the copy of the Amendment but I'm sure it's been distributed ... that is not my point. Does the Amendment totally substitute the stipulation of facts for the guilty finding or is it an alternative? Are both methods available?

Schlickman: Well, we still retain the alternative method of finding of guilt. We don't ...

Duff: And you just add another option, which we used to have anyway, of the stipulation of fact.

Schlickman: We are substituting the option that we previously had for a plea of guilty.

Duff: But, you're still allowing a plea of guilty? Is that correct? I mean, is it an alternative, and not a substitution? Is that ...

Schlickman: It's an alternative.

Duff: Oh. And, the other alternative is still there?

Schlickman: Is the finding of guilt either upon a plea of guilty or upon a trial." Transcription of House Proceedings, June 9, 1976, at 53, 54.

However well founded the belief of Representative Schlickman might have been that the bill allowed supervision after trial, the lan-

guage simply will not sustain it. It will be remembered that the House was debating amendments to the Senate bill which contained a specific provision for trial and the principal focus of the House debate was the substitution of a stipulation for a plea, the first alternative in the Senate bill.

We have no information as to the source or reasoning behind the House version, but it is substantially different from that of the Senate. The Senate version is straightforward: "or is found guilty." This necessarily encompasses either a jury or a bench trial. Yet Representative Schlickman spoke of "a finding of guilt by the judge," a phrase which eliminates a jury verdict altogether but without any concomitant suggestion of jury waiver.

A closer analysis of the "trial" concept will reveal the basic weakness and inconsistency in the statute and the beliefs of the legislators during debate. The language of section 5—6—1(c) states the alternative foundations for supervision, *i.e.*, a plea or stipulation of facts. There is no reference to "trial." The language "a finding of guilt" is consistent with and relevant to a plea or stipulation of fact, but in the context of language stating a plea or stipulation of facts, does not easily become the third alternative of a trial.

The concept of a "trial" necessarily incorporates and includes trial by jury. The procedure which would "defer further proceedings and the imposition of sentence" makes a shambles of the past and present case law concerning procedures necessary to preserve a jury finding.

The finding of guilt by a jury becomes a verdict when received, accepted by the court, and entered of record. *People v. Wilson* (1972), 51 Ill. 2d 302, 281 N.E.2d 626.

In *People v. Vaughn* (1981), 92 Ill. App. 3d 913, 416 N.E.2d 681, a jury announced its verdict but the record failed to show that the trial judge entered a judgment on such verdict. It was determined that the jury finding was not final until accepted by the court, and that there must be an explicit judgment entered of record. It was held that in the absence of such judgment the trial judge did not have jurisdiction to impose sentence. The opinion stated:

> "In civil cases these concerns are embodied in sec. 68(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68(2)), which provides: 'Promptly upon the return of a verdict, the court shall enter judgment thereon.' Although this statute is inapplicable to criminal cases, practice and reason point to the conclusion that the rule should be followed in criminal as well as civil cases." 92 Ill. App. 3d 913, 915, 416 N.E.2d 681, 683.

In *People v. Rehberger* (1979), 73 Ill. App. 3d 964, 392 N.E.2d

395, *appeal denied* (1979), 79 Ill. 2d 623, the jury agreed as to findings upon four of six charges, but the trial judge declared a mistrial upon all counts. Three months later he concluded that he had erred, read the verdicts forms and entered judgments upon the four counts where the jury had returned its findings. The reviewing court found that the four judgments were not valid and reversed those convictions.

The rationale stated:

"The finding of a jury does not become a verdict until it has been received, accepted by the court and recorded of record. [Citations.] In other words, a verdict is not final until pronounced and recorded in open court. [Citations.] That the most essential element to the making of a verdict is its pronouncement in open court is evident from the fact that various technical deficiencies in the written verdict may be overlooked so long as the verdict is read in open court in the presence of all of the jurors so that they may show their assent to it." 73 Ill. App. 3d 964, 968, 392 N.E.2d 395, 397.

Noting that the record disclosed no opportunity to poll the jury, the court concluded that there were no verdicts upon which sentences could be imposed.

It seems evident that the procedural requirements of a jury trial cannot be made compatible with the concept of deferring further proceedings and that if a jury trial is provided, a judgment must be entered upon the jury finding. This result is inconsistent with the stated purpose of "supervision."

We therefore respectfully differ with the result espoused in the dissent. The phrase "a finding of guilt" cannot be construed to mean a jury trial in its complete sense. If the liberal construction asserted in the dissent is to prevail, it must be further refined to limit it to the particular sense of a bench trial.

Since the Senate version was rejected in its entirety, "stipulation" substituted for a plea of guilty (which ironically was added at the subsequent session) and "found guilty" eliminated altogether, we can only conclude that the House version proceeded upon a different set of premises.

An analysis (known in yesteryear as "parsing") of the sentence yields insight into its meaning. We have first the noun "facts" modified by the participle "supporting." There follow two nouns as the objects of the participle: "charge" preceded by the definite article, and "finding" preceded by the indefinite article. "Finding," as here used, is a gerund which is defined as a verbal noun taking the form of the

present participle. Fowler's classic *Modern English Usage* (2d ed. 1965) in discussing the gerund gives as an example of the difference between gerund and participle as follows: *"[L]oving* is a gerund in 'cannot help loving him,' but a participle in 'a loving husband.' " (Emphasis in original.) The language then refers to a stipulation of facts supporting either (1) "the charge," or (2) "a finding of guilt."

Defendant argues that there is no difference between the two. We disagree. The language makes possible a finding of guilt if the stipulation of facts will support either the specific charge against the defendant, or another included offense. For example, let us suppose that a defendant has been charged with driving under the influence of alcohol. He is unwilling to stipulate to any drinking but is willing to stipulate to facts supporting reckless driving. The court could still make a finding of guilt without finding him guilty of "the charge."

If supervision is to be an option after trial, the statute must contain a third alternative, so as to provide:

"The court may, upon a plea of guilty, or a stipulation by the defendant of the facts supporting the charge or a finding of guilt, or if the defendant is found guilty, defer further proceedings ***."

This would bring it into harmony with what the legislature was apparently trying to accomplish. The project became derailed when, during the debates over substituting the stipulation for the plea, the alternative of the defendant being "found guilty," *i.e.*, after a trial either at jury or at bench, became lost, or at best, was assumed to be contained within the "finding of guilt."

Optimally, the statute would also specifically direct the withholding of a judgment in accordance with our discussion above concerning judgments and sentences. However, it has been made clear that supervision is a disposition, not a sentence. Senate Bill 1997 amended the title of section 5—6—1 to state "Sentences of Probation and Conditional Discharge *and Disposition of Supervision*." (Amendment in italics.) "Or Supervision" was added to the title of section 5—6—4 and the word "supervision" was added throughout this section in various forms. Under such circumstances, the mandate to "defer further proceedings" may be sufficient, although if supervision is not a sentence, it is difficult to perceive why the language "imposition of sentence" is used. We note that supervision has never been added to the list of dispositions contained in section 5—5—3 of the UCC (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3).

In short, it appears to us that the legislature fell short of what seemed to be its goal. We commend to it further consideration of the

subject and hold to our original opinion in *Bodine* that supervision is not available after trial.

Defendant has raised constitutional objections of lack of procedural due process and equal protection. His theory is that his right to trial has been infringed and points to a variety of cases in which heavier punishments were dealt out after trial either because the defendant elected to stand trial or refused to confess at the time of sentencing. (*United States v. Wiley* (7th Cir. 1960), 278 F.2d 500; *Thomas v. United States* (5th Cir. 1966), 368 F.2d 941; *Scott v. United States* (D.C. Cir. 1969), 419 F.2d 264.) Since matters involved in these cases occurred at post-trial proceedings, they are inapposite to the situation presented here: a choice which can knowingly be made by a defendant at the start. Due process and equal protection are offended "only if a statute manifests a patently arbitrary classification, utterly lacking in rational justification." *Flemming v. Nestor* (1960), 363 U.S. 603, 611, 4 L. Ed. 2d 1435, 1445, 80 S. Ct. 1367, 1373.

■ It is to be noted that the statute here involved applies only to offenses which are not felonies. These are by far the most numerous filings in our courts. The 1980 Report of the Administrative Office of the Illinois Courts to the Supreme Court shows that statewide during that year 506,997 misdemeanor and 6,451,325 traffic cases were filed. The State has a serious and rational interest in disposing of this enormous load. Supervision without trial is one rational method of doing so. It is not arbitrary since it gives the offender his option at the very beginning of the proceedings. All offenders are treated alike in this respect. "Equal protection does not require that all persons be treated equally. It only requires that there be a reasonable and rational basis for the classifications which justifies different procedures for treating the two groups. [Citation.]" *People v. Pembrock* (1976), 62 Ill. 2d 317, 321, 342 N.E.2d 28, 30.

The judgment of the circuit court of McLean County is affirmed.

Affirmed.

TRAPP, J., concurs.

JUSTICE LONDRIGAN, dissenting:

The majority, in its construction of the statute, reaches a result that is contrary to the clear intent of the legislature. Accordingly, I dissent.

The majority concedes that the phrase, "a finding of guilt," originated on the House floor as an alternative distinct from "a stipulation

by the defendant of the facts supporting the charge." They also concede that when offering the amendment containing this language, Representative Schlickman explained to the House that "a finding of guilt" could occur "upon a plea of guilty or upon a trial." Additionally, in his introductory remarks and throughout his replies to inquiries, Representative Schlickman said that the amendment was intended to codify the practice that had existed before the supreme court's decision in *Breen.* The practice before *Breen* was to allow supervision to defendants who proceeded to trial, and in fact the defendant in *Breen* was adjudged guilty after a bench trial. Finally, the majority acknowledges that when the Senate passed its first bill on supervision, it rejected an amendment that would have eliminated supervision as an option after trial and instead allowed supervision whenever a defendant "is found guilty," which meant after trial.

The majority declines to follow these clear indications of legislative intent and says: "However well founded the belief of Representative Schlickman might have been that the bill allowed supervision after trial, the language simply will not sustain it"; "The legislative history of section 5—6—1(c) is helpful in reviewing what the General Assembly was attempting to do, but we find that the effort was abortive"; and "[I]t appears to us that the legislature fell short of what seemed to be its goal." I disagree: the majority's interpretation of the statute, and not the statute itself, fails to sustain the legislature's intent.

The Illinois Supreme Court has lucidly and definitively rejected the approach that the majority is taking:

> "The cardinal rule of statutory construction, to which all other canons and rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature [citations]; and where, as in this case, there is no controlling precedent, the history, existing circumstances and contemporaneous conditions of the legislation are invaluable in ascertaining that intent. [Citations.]" (*People ex rel. Hanrahan v. White* (1972), 52 Ill. 2d 70,73, 285 N.E.2d 129, 130.)

To effectuate legislative intent, the Illinois Supreme Court has inserted one word for another (*People ex rel. Barrett v. Anderson* (1947), 398 Ill. 480, 76 N.E.2d 773), supplied missing provisions (*Ketcham v. Board of Education* (1927), 324 Ill. 314, 155 N.E. 332), enlarged (*Baker & Conrad, Inc. v. Chicago Heights Construction Co.* (1936), 364 Ill. 386, 4 N.E.2d 953) or restricted (*City of Elmhurst v. Buettgen* (1946), 394 Ill. 248, 68 N.E.2d 278) the normal meanings of words, and disregarded punctuation (*Illinois Bell Telephone Co. v. Ames* (1936), 364 Ill. 362, 4 N.E.2d 494).

The case at hand requires no such radical remedies. One reading "upon a stipulation by the defendant of the facts supporting the charge or a finding of guilt" (the original statutory language as passed in 1976) notes an obvious ambiguity: whether "finding" is an object of the preposition "upon" or of the modifying participle "supporting." We are told, "We have first the noun 'facts' modified by the participle 'supporting.' There follow two nouns as the objects of the participle: 'charge' preceded by the definite article, and 'finding' preceded by the indefinite article." The majority begs the question by assuming that "finding" is an object of "supporting." Grammar does not resolve the ambiguity, for "finding" may as well be an object of "upon" as an object of "supporting." The case law therefore requires us to search for the legislative intent.

The language under question was meant to codify the pre-*Breen* practice and was explicitly presented as allowing supervision after trial. The Senate rejected an amendment that would have denied supervision after trial, and the further evolution of the statute and this particular language indicates an independent meaning for "a finding of guilt." (See *R.S. Blome Co. v. Ames* (1937), 365 Ill. 456, 6 N.E.2d 841.) The majority believes that the difference in wording between the original Senate bill, which allowed supervision "whenever a person \*\*\* is found guilty," and the House bill and final language, which allow supervision "upon \*\*\* a finding of guilt," evidences a detour in legislative thought. This ignores, however, everything else in the legislative history.

When "a plea of guilty or" was inserted by the House into the bill amending the supervision statute in 1977, the following comment was made:

> "Schlickman: Thank you, Mr. Speaker and Members of the House, Senate Bill 228 amends the Act on supervision \*\*\*. By Amendments, certain technical changes are made to the Bill, to the Act on supervision, as adjusted [*sic*] by the presiding Judge of the Second Municipal District of Cook County, Harold Sullivan, contained in a Bar Association article." (Transcription of House Proceedings, June 15, 1977, at 170.)

The passage Representative Schlickman is referring to says:

> "The statute requires either a finding of guilty or a stipulation to the facts so a plea of guilty may not be sufficient." (Sullivan, *Supervision Comes to All of Illinois*, 65 Ill. B.J. 190, 194 (1976).)

It is significant that the legislature chose to add the "plea of guilty" option at Judge Sullivan's suggestion but did nothing to correct his assumption that supervision is available after a finding of guilt.

In coming to its conclusion, the majority has ignored or contravened several other principles of statutory construction that favor a contrary

holding. First, when language is ambiguous, the sense that contemporaneous members of the profession have put on it is to be considered. (*Antrim v. Guyer & Calkins Co.* (1945), 324 Ill. App. 641, 59 N.E.2d 316.) The only commentaries brought to our attention explicitly understood the statute to allow supervision for defendants who had proceeded to trial. See Jordan, Lampkin, and Woods, *Some Thoughts on Supervision as a Disposition in Minor Criminal Cases,* 7 Ill. St. B. A. Jud. Ad. Newsletter 5, 6-7 (October 1976); Sullivan, *Supervision Comes to All of Illinois,* 65 Ill. B.J. 190, 194 (1976).

Second, it is a well-known principle of construction that a statute should be construed so that no part is meaningless, redundant, or superfluous. (*Peacock v. Judges Retirement System* (1957), 10 Ill. 2d 498, 140 N.E.2d 684.) Yet nothing is accomplished if "upon a stipulation by the defendant of facts supporting a finding of guilt" is added to "upon a stipulation by the defendant of facts supporting the charge." The majority says that the object is to provide for stipulations to lesser included offenses, but lesser included offenses are automatically included in a charge (*People v. Ostrand* (1966), 35 Ill. 2d 520, 530, 221 N.E.2d 499, 505). The majority's reasoning suggests that without its interpretation, a defendant who stipulates to facts supporting a lesser included offense would not be eligible for supervision for that lesser included offense. A judge could not grant supervision for a lesser included offense if the State's Attorney wished to prosecute that greater charge. So, in any event, the State's Attorney would have to agree to a reduced charge. Therefore, the majority's strained interpretation is not necessary to provide for lesser included offenses. Furthermore, if that is what the legislature intended to accomplish, the statute would read "upon a stipulation by the defendant of facts supporting the charge or a lesser included offense."

Third, the majority has characterized supervision as a "compassionate statute." The majority holds that because it bypasses the normal procedure of judgment and sentencing, it must "be spelled out with particularity" and "accomplished with great care." Apparently the majority here means that the statute will be construed strictly against the defendant. Penal statutes are to be strictly construed and any ambiguity resolved in favor of the defendant. *People v. Kirkrand* (1947), 397 Ill. 588, 74 N.E.2d 813.

Today we uphold the statutory construction of *Bodine,* in which the issue of allowing supervision after trial was not even briefed. The *Bodine* opinion made no attempt to examine the legislative history or the post-*Breen* setting in which the supervision statute was enacted. Careful examination reveals that *Bodine* was wrongly decided. We now compound the error.