# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Weiser*, 2013 IL App (5th) 120055

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MELISSA J. WEISER, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-12-0055 |
| Filed<br>Rehearing denied | August 7, 2013<br>September 5, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court rejected defendant's contention that the trial court lacked the authority to sentence her for aggravated DUI based on a collision that resulted in multiple deaths and injuries because it failed to first enter judgment on her guilty plea, since the record of defendant's plea hearing established an adjudication of guilt "apparent of record" where the trial court found a factual basis for her plea, determined that she understood the charges and the rights she was giving up, and made the determination necessary to adjudicate her guilt before sentencing her. |
| Decision Under Review | Appeal from the Circuit Court of Clinton County, No. 09-CF-116; the Hon. Dennis E. Middendorff, Judge, presiding. |
| Judgment | Affirmed as modified. |

Counsel on
Appeal

Michael J. Pelletier, Ellen J. Curry, and Lawrence J. O'Neill, all of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Hudspeth, State's Attorney, of Carlyle (Patrick Delfino, Stephen E. Norris, and Sharon Shanahan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE CHAPMAN delivered the judgment of the court, with opinion.
Presiding Justice Spomer and Justice Stewart concurred in the judgment and opinion.

## OPINION

¶ 1 The defendant, Melissa J. Weiser, appeals her sentence for aggravated driving under the influence (aggravated DUI). She argues that (1) the court lacked authority to sentence her because it did not first enter a judgment of conviction on her guilty plea, (2) her 20-year sentence is excessive, (3) her convictions on 31 of the 32 counts in the indictment must be vacated, and (4) she is entitled to a $5-per-day credit against her DUI equipment fund assessment for the time she spent in custody prior to sentencing. We affirm the defendant's sentence, vacate her convictions on the 31 charges on which sentence was not imposed, and amend the order to reflect a credit against the DUI equipment fund assessment.

¶ 2 In the early morning hours of May 24, 2009, a vehicle driven by the defendant ran a stop sign and collided with a Cadillac Escalade carrying seven people. Three of the people in the Escalade died as a result of their injuries. Four others sustained serious injuries. Chaz Sargent, the defendant's boyfriend, was a passenger in the defendant's vehicle. He was thrown from the vehicle and died as a result of his injuries. The defendant was also injured. A blood draw taken at the hospital indicated that she had a blood-alcohol concentration of .136 at the time of the collision. The blood draw also indicated the presence of THC in her blood.

¶ 3 On September 15, 2009, a grand jury indicted the defendant on 32 counts of aggravated DUI. The indictment charged the defendant with aggravated DUI under four different theories with respect to each of the eight victims. See 625 ILCS 5/11-501(a)(1), (a)(2), (a)(5), (a)(6), (d)(1)(F) (West 2008).

¶ 4 On February 4, 2010, the defendant pled guilty to all 32 counts of the indictment in an open plea. At the guilty plea hearing, the court went through each count of the indictment and explained to the defendant what the State would be required to prove if she were to plead not guilty and insist on going to trial. The court further explained to the defendant what rights she was giving up by pleading guilty. The court admonished the defendant regarding the

range of possible sentences. The defendant indicated that she understood the charges and her trial rights and that she wanted to plead guilty.

¶ 5 The prosecutor then presented the factual basis for the charges. He told the court that the testimony of police officers who interviewed the defendant and witnesses who were with her the day before the accident would show that the defendant had been drinking alcohol and smoking marijuana that day. An accident reconstructionist would testify that the vehicle driven by the defendant ran a stop sign and made no attempt to stop before hitting the Escalade. The accident reconstructionist would further testify that the Escalade was traveling at approximately 31 miles per hour, while the defendant's vehicle was traveling at approximately 57 miles per hour.

¶ 6 The State's evidence would further show that the defendant's passenger, Chaz Sargent, and three passengers in the Escalade died as a result of their injuries, and the remaining four passengers in the Escalade sustained serious injuries. In addition, the State would present evidence that a blood draw taken from the defendant showed a blood-alcohol concentration of .136 and the presence of THC.

¶ 7 The court found that a factual basis existed for each charge and accepted the defendant's plea. The court scheduled a sentencing hearing and ordered the preparation of a presentence investigation report (PSI or PSR). A docket entry states: "[The defendant] pleads guilty to each count. Sentencing hearing on 4/5/10 at 1:00 p.m. PSR ordered."

¶ 8 The court held a sentencing hearing on April 5, 2010. The defendant testified that she never intended to harm anyone. She further testified that she remembered drinking beer, smoking marijuana, and becoming intoxicated on the day of the collision, but she did not remember driving that night. Asked by her attorney if she acknowledged that she was, in fact, driving, she replied, "I don't know because I don't remember, but science says I was driving so I take responsibility for it." She testified that she had three young children. Prior to being incarcerated on the charges in this case, she was their caregiver. Now one child lived with his father, while the other two lived with the defendant's mother. The defendant acknowledged on cross-examination that she had five prior convictions of driving without liability insurance and three prior convictions for driving while her license was suspended. She also acknowledged that her children were being cared for by people she trusted.

¶ 9 When given an opportunity to make a statement in allocution, the defendant stated:

"I don't know if it will reflect on the sentence, but I would like to say I am sorry. I never meant for any of this to happen. If I could take it back I so would. If I could take everybody's physical and emotional pain away I would. I don't blame the families if they hate me. I am sorry. That's it."

¶ 10 The court also considered the PSI report. The report is lengthy, and we need not set out its contents in detail. In relevant part, the PSI indicated that the defendant told the probation officer who prepared the report that she believed she was not driving because Chaz Sargent ordinarily took her keys from her if she was too intoxicated to drive. The PSI also indicated that the friends who were with Chaz and defendant prior to the crash stated that both Chaz and the defendant were intoxicated before they left to get beer and that some of them told the defendant she was too intoxicated to drive.

¶ 11    Before pronouncing sentence, the court gave a detailed explanation of its findings with respect to the relevant factors in mitigation and aggravation. The court first noted that the defendant likely did not contemplate that her conduct would cause harm (730 ILCS 5/5-5-3.1(a)(2) (West 2008)). The court stated that "the defendant in all likelihood didn't contemplate anything." The court noted, however, that evidence in the PSI showed that Chaz Sargent offered to drive and asked the defendant for her keys, and that Sargent as well as other friends told the defendant that she was too intoxicated to drive. Against this background, the court concluded that the defendant acted with reckless disregard for the safety of others.

¶ 12    The court next considered the defendant's history (730 ILCS 5/5-5-3.1(a)(7) (West 2008)). The court noted that the defendant had never been convicted of any crime of violence or dishonesty. However, the court also pointed out that the defendant had five convictions for driving without insurance and "numerous other traffic citations." The court found that this history shows "a disregard at least for the traffic code."

¶ 13    The court next considered whether the charges were the result of circumstances that were unlikely to recur (730 ILCS 5/5-5-3.1(a)(8) (West 2008)) and whether the character and attitudes of the defendant indicated that further offenses were unlikely (730 ILCS 5/5-5-3.1(a)(9) (West 2008)). The court first noted that the defendant's statements regarding whether she was driving the car indicate a "limited acceptance of responsibility" for her actions. The court also considered the defendant's history of traffic offenses in finding that the defendant was likely to reoffend and, therefore, neither of these mitigating factors was applicable.

¶ 14    The court next considered whether a lengthy prison term would impose excessive hardship on the defendant's dependants (730 ILCS 5/5-5-3.1(a)(11) (West 2008)). The court acknowledged that sentencing the defendant to a lengthy prison term would cause hardship to her three young children. The court noted, however, that the burden on the defendant's children would not be greater than the hardship encountered by the dependants of any criminal defendant sentenced to a prison term.

¶ 15    The court also noted that there were two nonstatutory factors in mitigation for it to consider–the defendant's expressions of remorse and the fact that she pled guilty. The court noted that it was not clear how much of the defendant's remorse was due to the impact on the families of the eight victims and how much was due to the impact on her own life. The court further noted that the mitigating effect of the defendant's guilty plea was "somewhat limited" by the fact that she did not take full responsibility for her actions.

¶ 16    The court found two factors in aggravation. First, the court considered the serious bodily harm suffered by the four people who were injured in the crash but survived (730 ILCS 5/5-5-3.2(a)(1) (West 2010)). The court noted, however, that the death of two or more victims is part of the offense. The court explained that it was therefore not considering their deaths as a factor in aggravation. The court also found that the need to deter others from committing the same offense warranted a lengthy prison term (730 ILCS 5/5-5-3.2(a)(7) (West 2010)). In support of this finding, the court noted that there had been numerous newspaper articles covering the collision at issue in the defendant's case, but the number of DUI cases before

the court had not decreased.

¶ 17    In balancing the factors, the court noted that the minimum sentence would not be appropriate because of the "horrific nature" of the outcome of the collision at issue. The court also noted, however, that the statutory maximum would be inappropriate due to the defendant's limited criminal history. The court sentenced the defendant to 20 years. That same day, the court entered a written judgment order sentencing the defendant to 20 years in prison on count III of the indictment.

¶ 18    The defendant filed a *pro se* motion to withdraw her guilty plea. She alleged that her plea was not knowing and voluntary due to ineffective assistance of plea counsel. A new attorney was appointed to represent her. Through counsel, the defendant withdrew her motion to withdraw her plea and filed a motion to reduce sentence.

¶ 19    At the hearing on that motion, the court clarified its previous findings at the sentencing hearing with respect to three of the factors it considered–the defendant's limited acceptance of responsibility for her actions, her expressions of remorse, and the hardship on her children. The court emphasized the defendant's numerous statements regarding whether she was driving when the crash occurred and explained that these statements indicated that even by the time of the sentencing hearing, the defendant did not "fully accept that she was driving the vehicle on the night in question." The court stated that it was aware that her 20-year sentence would keep the defendant from raising her three children, but found that the sentence was still appropriate in light of the nature of the offense.

¶ 20    The court then acknowledged that "perhaps" it did not "express itself clearly enough with regard to the issue of expressions of remorse by Ms. Weiser." The court noted that the defendant "broke down several times" at her plea hearing and "expressed considerable emotional torment during her sentencing hearing." The court explained that while it "did and does recognize [these] expressions of remorse," this did not alter the court's conclusion that a 20-year sentence was appropriate "considering the horrific nature of this offense." The court denied the motion. This appeal followed.

¶ 21    The defendant first argues that the court lacked jurisdiction to sentence her because it did not first enter a judgment of conviction. In support of her contention, she cites this court's decision in *People v. Vaughn*, 92 Ill. App. 3d 913, 416 N.E.2d 681 (1981). There, we held that a "trial court does not obtain jurisdiction to sentence the defendant until it enters a judgment of conviction." *Vaughn*, 92 Ill. App. 3d at 915, 416 N.E.2d at 683. Resolution of the defendant's argument turns on what this court meant by "judgment of conviction" in *Vaughn*. For the reasons that follow, we believe she misconstrues this holding.

¶ 22    In *Vaughn*, the defendant was tried by a jury. In a docket entry, the court stated that the jury announced in open court that it found him guilty. The court went on to state: " 'Jury discharged. Cause set for sentencing hearing ***.' " *Vaughn*, 92 Ill. App. 3d at 914, 416 N.E.2d at 682. The defendant argued on appeal that the trial court had failed to enter a judgment on the jury's verdict (*Vaughn*, 92 Ill. App. 3d at 913, 416 N.E.2d at 682), while the State argued that the judgment in a criminal case is the sentence (*Vaughn*, 92 Ill. App. 3d at 914, 416 N.E.2d at 683).

¶ 23    In agreeing with the defendant, this court noted that the relevant statutes define a

"judgment" in a criminal trial as " 'an adjudication by the court that the defendant is guilty or not guilty, and if the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court.' " *Vaughn*, 92 Ill. App. 3d at 914, 416 N.E.2d at 683 (quoting Ill. Rev. Stat. 1979, ch. 38, ¶¶ 102-14, 1005-1-12 (now 725 ILCS 5/102-14 (West 2012) and 730 ILCS 5/5-1-12 (West 2012))). We explained that this means that although the sentence is a necessary component of a complete judgment of conviction, "it is not sufficient to constitute the entirety of a judgment." *Vaughn*, 92 Ill. App. 3d at 914, 416 N.E.2d at 683. Rather, we explained, "the court must make an adjudication that the defendant is guilty." *Vaughn*, 92 Ill. App. 3d at 915, 416 N.E.2d at 683. In the context of a jury trial, this adjudication means the court must accept the verdict of the jury. *Vaughn*, 92 Ill. App. 3d at 914, 416 N.E.2d at 683.

¶ 24    The *Vaughn* court elaborated further, explaining that the verdict of the jury reflects only the jury's factual findings. Before a defendant can actually be adjudicated guilty, the court must determine whether that verdict is consistent with applicable law and supported by the evidence, and must rule on any posttrial motions. *Vaughn*, 92 Ill. App. 3d at 914, 416 N.E.2d at 683. For this reason, a jury verdict does not become final until the court makes these determinations and accepts the verdict (*Vaughn*, 92 Ill. App. 3d at 914, 416 N.E.2d at 683), and the court is not authorized to impose a sentence until it does (*Vaughn*, 92 Ill. App. 3d at 915, 416 N.E.2d at 683).

¶ 25    The *Vaughn* court further explained that the court's acceptance of the jury's verdict "cannot *** come in the form of any further action consistent with the verdict, such as sentencing the defendant or ruling on post-trial motions, but must be an explicit judgment apparent of record." *Vaughn*, 92 Ill. App. 3d at 914, 416 N.E.2d at 683. However, the *Vaughn* decision provides little guidance as to what form that explicit judgment of record must take. The record on appeal in *Vaughn* did not include transcripts from any of the proceedings that took place after the parties gave their closing arguments at trial but before the sentencing hearing. *Vaughn*, 92 Ill. App. 3d at 914, 416 N.E.2d at 682. As previously noted, the record contained a docket entry, which indicated only that the jury had returned a verdict of guilty and that the court set the matter for a sentencing hearing. *Vaughn*, 92 Ill. App. 3d at 914, 416 N.E.2d at 682. There was, then, nothing in the record to indicate whether the trial court had made the determinations required of it in order to accept the jury's verdict and adjudicate the defendant guilty. See *Vaughn*, 92 Ill. App. 3d at 915, 416 N.E.2d at 683 (explaining that sentencing must follow a " 'determination of guilt' " (quoting Ill. Rev. Stat. 1979, ch. 38, ¶ 1005-4-1(a) (now 730 ILCS 5/5-4-1(a) (West 2012)))). As such, the court did not need to determine what was necessary to satisfy the requirement that the trial court make an "explicit judgment apparent of record."

¶ 26    We find guidance in this regard from the First District's decision in *People v. Medrano*, 282 Ill. App. 3d 887, 669 N.E.2d 114 (1996), *overruled on other grounds as recognized by People v. Thompson*, 331 Ill. App. 3d 948, 957, 773 N.E.2d 15, 23-24 (2002). There, a jury found a defendant guilty of three counts of aggravated criminal sexual assault. The three charges were based on alternate theories but stemmed from the same act. *Medrano*, 282 Ill. App. 3d at 890, 669 N.E.2d at 116. The trial judge stated on the record "that he was 'going to enter judgment' " on all three charges, but the final written order showed that the

-6-

defendant was sentenced on only one charge. *Medrano*, 282 Ill. App. 3d at 890, 669 N.E.2d at 116. The defendant argued that this record showed that judgments of conviction were entered on all three guilty verdicts, and two had to be vacated pursuant to the one-act, one-crime rule. *Medrano*, 282 Ill. App. 3d at 890, 669 N.E.2d at 116. (We note parenthetically that the defendant in this case makes this same argument regarding the convictions on the 31 other counts of the indictment. The final written judgment order sentencing the defendant does not indicate that she was convicted on any of the counts of the indictment other than count III.)

¶ 27        After citing this court's decision in *Vaughn*, the *Medrano* court explained that "[w]hile imposition of a sentence completes the judgment and makes it final for purposes of an appeal, a judgment of conviction is rendered once the trial court adjudicates a defendant guilty." *Medrano*, 282 Ill. App. 3d at 891, 669 N.E.2d at 117. The First District concluded that the trial court's statement that it was "going to" enter judgment on all three guilty verdicts was sufficiently explicit to constitute a judgment of the defendant's guilt on all three counts. *Medrano*, 282 Ill. App. 3d at 891, 669 N.E.2d at 117.

¶ 28        Here, as previously noted, a docket entry recorded after the defendant's plea hearing merely states that the defendant pled guilty and set a sentencing hearing. Pursuant to *Vaughn*, this is not sufficiently explicit to constitute an adjudication of the defendant's guilt. However, the transcript of the plea hearing shows that the court expressly found that a factual basis existed for the defendant's plea and that the court accepted her plea only after determining that the defendant understood both the charges against her and the rights she was giving up by pleading guilty. It is clear from the court's statements that it made the determinations necessary to accept the defendant's plea. Thus, it is apparent from the record that the court made the determination necessary to adjudicate the defendant guilty before sentencing her. Under *Medrano*, then, we find that this constitutes an adjudication of guilt "apparent of record." We therefore conclude the court had the authority to sentence the defendant.

¶ 29        The defendant next argues that the court abused its discretion in sentencing her to 20 years in prison. She argues that the court overlooked mitigating factors such as her youth, her lack of prior felony convictions, her expressions of remorse, and the hardship a lengthy prison term would impose on her children. She also argues that the court's emphasis on the need to deter others is based on conjecture. We disagree.

¶ 30        Determining the appropriate sentence in a criminal case is a matter involving judicial discretion. This discretion allows trial courts to take into account the particular circumstances of each case. *People v. O'Neal*, 125 Ill. 2d 291, 297, 531 N.E.2d 366, 368 (1988). A trial court's sentencing decision is therefore "entitled to great deference," and we will not alter or reduce a defendant's sentence absent an abuse of that discretion. *People v. Dominguez*, 255 Ill. App. 3d 995, 1002, 626 N.E.2d 775, 781 (1994).

¶ 31        In exercising its discretion, a trial court *must* consider all relevant factors in mitigation. 730 ILCS 5/5-5-3.1(a) (West 2010) (providing that the statutory factors in mitigation "*shall* be accorded weight" (emphasis added)); see also *Dominguez*, 255 Ill. App. 3d at 1004, 626 N.E.2d at 782 (noting that a court's decision is entitled to deference unless the court

"ignore[s] pertinent mitigating factors"). If the record contains evidence of mitigating factors, we presume that the court considered this evidence unless there is "some indication, other than the sentence imposed, to the contrary." *People v. Tye*, 323 Ill. App. 3d 872, 890, 753 N.E.2d 324, 341 (2001) (citing *People v. Morgan*, 306 Ill. App. 3d 616, 633, 713 N.E.2d 1203, 1215 (1999)). As long as the court takes into account mitigating evidence before it, it has broad discretion in weighing and balancing the relevant factors. *People v. Madura*, 257 Ill. App. 3d 735, 740, 629 N.E.2d 224, 228 (1994). We will not find an abuse of this discretion merely because we might have balanced the factors differently. *Dominguez*, 255 Ill. App. 3d at 1002, 626 N.E.2d at 781.

¶ 32    The trial court must also "balance the retributive and rehabilitative purposes of the punishment." *People v. Cooper*, 283 Ill. App. 3d 86, 95, 669 N.E.2d 637, 643-44 (1996). This balance requires the court to take into account both the seriousness of the offense and the defendant's potential for rehabilitation. *Cooper*, 283 Ill. App. 3d at 95, 669 N.E.2d at 644. However, the court is not required to give more weight to the defendant's potential for rehabilitation than it gives to aggravating factors, such as the seriousness of the offense. The seriousness of the offense is one of the most important factors for the court to consider. *Tye*, 323 Ill. App. 3d at 890, 753 N.E.2d at 341.

¶ 33    Here, the sentencing range prescribed by statute for aggravated DUI is 6 to 28 years. 625 ILCS 5/11-501(d)(2)(G) (West 2008). When a sentence imposed falls within the statutorily prescribed range, we will not find it to be excessive or an abuse of the trial court's discretion unless the sentence "greatly varies [from] the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense." *People v. Brazziel*, 406 Ill. App. 3d 412, 433-34, 939 N.E.2d 989, 1008 (2010) (citing *People v. Stacey*, 193 Ill. 2d 203, 210, 737 N.E.2d 626, 629 (2000)); see also *People v. Moore*, 41 Ill. App. 3d 3, 4, 353 N.E.2d 191, 192 (1976) (noting that a sentence within the range prescribed by statute is presumed not to be arbitrary). However, we may find an abuse of discretion if the sentence imposed "is at odds with the purpose and spirit of the law" even if it is within the statutory range. *People v. Evans*, 143 Ill. App. 3d 236, 242, 492 N.E.2d 1036, 1040 (1986).

¶ 34    The defendant contends that the court did not find any evidence in mitigation. Although the State, in its brief, agrees with this characterization of the record, we do not. Earlier, we set out in detail the court's findings at the sentencing hearing. As we discussed, the court analyzed the statutory factors in mitigation in great detail. The court did find that certain factors in mitigation were not present–specifically, the court found that there was no evidence that (1) the defendant's character and attitudes indicated that further offenses were unlikely (see 730 ILCS 5/5-5-3.1(a)(9) (West 2008)), (2) the offense took place under circumstances unlikely to recur (see 730 ILCS 5/5-5-3.1(a)(8) (West 2008)), or (3) the defendant's conduct did not result in serious physical harm to anyone (see 730 ILCS 5/5-5-3.1(a)(1) (West 2008)). However, the court found that other factors *were* present but that the mitigating effect of some of these factors was somewhat limited by various facts. As noted, these factors include the defendant's guilty plea, her expressions of remorse, the hardship to her children, and her limited previous criminal history. Thus, we find that the court properly considered the evidence in mitigation that was presented to it.

¶ 35    The defendant further contends that the court overlooked certain factors. As previously

discussed, the court expressly considered most of the factors she contends it overlooked–that is, the court explicitly addressed the defendant's remorse, her limited prior criminal history, and the fact that her children would experience hardship as a result of her prison term. Significantly, the court stated that the maximum sentence permitted by statute would not be appropriate in light of the defendant's limited criminal history, but also noted that the mitigating effect of this factor was offset to some extent because the defendant's history of numerous traffic violations indicated a disregard for the laws in the Illinois Vehicle Code. The court further found that neither the defendant's expressions of remorse nor the hardship imposed on her children justified a sentence shorter than 20 years considering the nature of the offense. We note that there is no requirement that a trial court explicitly assign a weight or value to each factor it considers. *Brazziel*, 406 Ill. App. 3d at 434, 939 N.E.2d at 1009. We find that the court adequately considered each of these factors.

¶ 36 The defendant also contends that the court overlooked her youth and rehabilitative potential. It is true that the court did not discuss the defendant's age or use the phrase "rehabilitative potential." As previously discussed at length, however, the court did address evidence relevant to the defendant's rehabilitative potential. The court considered the extent to which the defendant took responsibility for her actions, the likelihood that she would reoffend, and her expressions of remorse. See *Evans*, 143 Ill. App. 3d at 242, 492 N.E.2d at 1040 (noting that remorse is relevant to a defendant's rehabilitative potential). As we have already stated, the court found that the defendant accepted only limited responsibility for her actions and that she was likely to reoffend based on the evidence in the PSI. The court considered the defendant's remorse a factor in mitigation, but did not believe that it required a sentence of less than 20 years considering the nature of the offense. For the reasons we have already discussed, we find no abuse of the court's discretion in reaching these conclusions.

¶ 37 We likewise find no merit to the defendant's contention that the court overlooked her youth. The defendant was 27 years old when the offense occurred and 28 years old when she was sentenced. She acknowledges that she was "perhaps not youthful, but still young enough to be restored to productive citizenship." We do not believe that she was so young that the court was required to find her actions to be the result of youthful indiscretion. In addition, many of the other factors considered by the court indicated that the defendant's rehabilitative potential was minimal. We find that the court was justified in concluding that any rehabilitative potential the defendant may have had was outweighed by the seriousness of the offense.

¶ 38 The defendant also argues that the court's finding that a lengthy sentence was needed to deter others from committing the same crime was based on conjecture. The actual deterrent effect of a sentence is, necessarily, always somewhat speculative. However, it is still a proper factor to consider. The court gave its reasons for finding a lengthy prison term necessary to deter others from committing aggravated DUI. We do not find the court's reliance on this factor inappropriate. We also note that while the sentence imposed was in the upper half of the statutory range for the offense, it was eight years below the maximum sentence. In light of all the circumstances we have discussed, we do not find this sentence to be excessive. We find no abuse of the trial court's discretion.

¶ 39 The defendant next argues that her convictions on 31 of the 32 counts of aggravated DUI must be vacated for two reasons. First, she contends, the court imposed sentence only on count III, and a conviction without a sentence is an incomplete judgment which must be vacated. See *People v. Cunningham*, 365 Ill. App. 3d 991, 994, 851 N.E.2d 653, 655 (2006). Moreover, convictions on multiple counts based on the same act violate the one-act, one-crime rule. See *People v. King*, 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844-45 (1977). The State concedes that the 31 additional convictions must be vacated on the basis of the one-act, one-crime rule. We agree.

¶ 40 Finally, the defendant argues that she is entitled to a $5-per-day credit against her $500 DUI equipment fund assessment because the assessment is really a fine. See 725 ILCS 5/110-14(a) (West 2008). She argues that, although the statute under which the assessment was imposed refers to it as an "assessment" rather than a "fine" (see 625 ILCS 5/11-501.01 (West 2008)), it is in substance a fine because it is intended to be punitive (see *People v. Jones*, 223 Ill. 2d 569, 582, 861 N.E.2d 967, 975 (2006)). The State concedes that the defendant is entitled to this relief, and we agree.

¶ 41 For the reasons stated, we affirm the defendant's sentence on count III of the indictment. Pursuant to our authority under Illinois Supreme Court Rule 366(a)(1) (eff. Feb. 1, 1994), we vacate her convictions on the 31 remaining counts of the indictment and amend the mittimus to reflect a $5-per-day credit for the 224 days the defendant spent in custody prior to sentencing.

¶ 42 Affirmed as modified.