THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BOBBY IVEY, Defendant-Appellant.

Third District   No. 3—92—0457

Opinion filed October 21, 1994.—Rehearing denied November 30, 1994.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

Joseph Navarro, State's Attorney, of Ottawa (John X. Breslin and J. Paul Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE SLATER delivered the opinion of the court:

Following a jury trial, defendant Bobby Ivey was convicted of aggravated battery, aggravated criminal sexual abuse and aggravated criminal sexual assault. Defendant was sentenced to consecutive terms of imprisonment of three, five and six years, respectively. On appeal, defendant contends that: (1) he was not proven guilty beyond a reasonable doubt; (2) his trial counsel was ineffective; (3) he was denied a fair trial due to the prosecutor's improper comments during closing arguments; and (4) the trial court erred in imposing consecutive sentences.

(We find that only the final issue meets the criteria for publication under Supreme Court Rule 23(a) (Official Reports Advance Sheet No. 15 (July 20, 1994), R. 23(a) eff. July 1, 1994). Accordingly, pursuant to Illinois Supreme Court Administrative Order No. 10343 (Official Reports Advance Sheet No. 15 (July 20, 1994), MR No. 10343), we have omitted our discussion of the first three issues from this published opinion.)

Finally, defendant contends that the trial court erred in imposing consecutive sentences pursuant to section 5—8—4(a) of the Unified Code of Corrections, which provides in relevant part:

"The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of a violation of Section 12—13 or 12—14 of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively." Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(a).

Defendant acknowledges that this provision was applicable in this case since defendant was convicted of a violation of section 12—14 (aggravated criminal sexual assault) (Ill. Rev. Stat. 1991, ch. 38, par. 12—14) and the offenses were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective. Defendant argues, however, that while consecutive sentences were appropriate in this case, section

5—8—4(a) does not require that sentences for *all* offenses should be consecutive. Therefore, defendant maintains that while section 5—8—4(a) requires the sentence for aggravated criminal sexual assault to be served consecutively to the others, there is nothing in the section which requires that the aggravated battery sentence be consecutive to the aggravated criminal sexual assault sentence.

The parties have not cited, and our research has failed to reveal, any case which squarely addresses the issue presented here. That is, where the defendant has been convicted of multiple offenses committed as part of a single course of conduct, including one which triggers the mandatory consecutive sentencing provision of section 5—8—4, must the sentence for *every* offense be consecutive to *every other* offense arising from that course of conduct, even where only one is a "triggering" offense? We think not.

In *People v. Wittenmyer* (1992), 151 Ill. 2d 175, 601 N.E.2d 735, the court interpreted section 5—8—4(a) in deciding an issue different from that presented here and stated:

> "After carefully reviewing the plain language of this section, we believe that the legislature has provided for *two exceptions* to the general rule that a trial court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective. First, if one of the offenses for which defendant was convicted was a Class X or Class 1 felony *and* the defendant inflicted severe bodily injury, the legislature has mandated that the trial court impose consecutive sentences. Second, if the defendant was convicted of a violation of section 12—13 or 12—14 of the Criminal Code, the legislature has mandated that the trial court must impose consecutive sentences." (Emphasis in original.) *Wittenmyer*, 151 Ill. 2d at 195-96, 601 N.E.2d at 744-45.

As the court in *Wittenmyer* explained, the triggering offenses of section 5—8—4(a) are *exceptions* to the *general rule* that consecutive sentences are *not permissible* for offenses committed as a part of a single course of conduct. Obviously, the legislature created those exceptions due to the seriousness of the offenses and their effects upon the victim. (See, *e.g., People v. Segara* (1988), 126 Ill. 2d 70, 78, 533 N.E.2d 802, 805, (sexual assault is unlike other offenses; "with each act, the victim's psychological constitution and most intimate part of her being have been violently invaded").) That rationale fails, however, when consecutive sentences for less serious offenses are imposed. Those offenses are subject to the general rule prohibiting consecutive sentences; their nature is not changed by the fact that a more serious offense has also been committed. We find, therefore,

that the defendant was subject to mandatory consecutive sentencing only for the offense of aggravated criminal sexual assault. We note parenthetically that while the defendant in *Wittenmyer* received a consecutive sentence for aggravated criminal sexual assault, his sentences for aggravated sexual abuse were concurrent. However, the issue of whether those concurrent sentences were proper was not raised in *Wittenmyer*. In view of our decision, pursuant to our authority under Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)), we modify the defendant's sentence so that the three-year sentence for aggravated battery is concurrent with the five-year sentence for aggravated criminal sexual abuse, although each is consecutive to the six-year sentence for aggravated criminal sexual assault. In other words, defendant's total aggregated sentence is reduced from 14 years' to 11 years' imprisonment. In all other respects, the defendant's convictions and sentences are affirmed.

Affirmed as modified.

BARRY and STOUDER, JJ., concur.