THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALBERT ROBINSON, Defendant-Appellant.

First District (2nd Division)   No. 1—92—3704

Opinion filed August 16, 1994.—Rehearing denied November 16, 1994.—Modified opinion filed November 29, 1994.

Rita A. Fry, Public Defender, of Chicago (Emily Eisner, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Peter Fischer, and William Toffenetti, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE DiVITO delivered the opinion of the court: Following a bench trial, defendant Albert Robinson was convicted of six counts of aggravated criminal sexual assault, which merged

into three convictions, and sentenced to two concurrent 25-year terms of imprisonment. He contends on appeal that he was not proved guilty of aggravated criminal sexual assault beyond a reasonable doubt because there was insufficient evidence of bodily harm to prove more than simple criminal sexual assault. For reasons that follow, we affirm defendant's convictions, but we remand for a new sentencing hearing because the circuit court failed to sentence him on the third conviction.

At trial, the 10-year-old complainant testified that on June 24, 1991, she was visiting her aunt on the 16th floor of a Chicago Housing Authority building located at 3651 South Federal in Chicago. At 8:30 p.m., the complainant and two of her friends went to the 17th floor, which was uninhabited, to jump rope. Defendant approached the girls, gave the complainant's friends money, and told them to go to the store. When they left, he pushed the complainant into the laundry room, took off her clothes, and made her lie down on the floor. The complainant testified that defendant then tried to put his penis into her vagina, and that his penis did touch her vagina. When asked on cross-examination whether her testimony was that defendant put his penis in her vagina, the complainant responded, "yes." She testified that defendant also made her lie on her stomach and put his penis into her "bootie." Afterward, she defecated on the laundry room floor. She stated that both acts of sexual intercourse hurt. Defendant then forced her to perform oral copulation. After defendant allowed her to leave, she told her aunt what happened, and the police took her to the hospital. The complainant did not know defendant's name, but she knew that he lived in the building and described him as the boy with the kittens.

The complainant's aunt testified that at 9 p.m., the complainant came into the apartment "dirty, crying, and hysterical." Her pants were missing and she said that she had been "bothered with" by the "boy with the cats." The complainant said that defendant "put his thing in her mouth," "bothered her behind her," and "entered her." The witness then testified as follows:

"[PROSECUTOR]: Did she say where?

[WITNESS]: Yes.

Q. Where?

A. She calls it in her, she didn't say her—she would say vagina if you give her a chance. If not she would say he put his thing in my—

Q. Besides her vagina and him putting his thing in her mouth did she say anywhere else that he put his thing?

\* \* \*

A. No doubt her anus."

The witness testified that she knew defendant's family had cats and led the police to their apartment. The complainant identified defendant when the officers brought him out of the apartment.

The parties then stipulated that, if called to testify, Dr. Cicily Tobin would state that she examined the complainant at 10:10 p.m. and that:

"Pursuant to her examination regarding skin she found superficial scratches on the mid-back and right upper posterior thorax, .5 centimeters, superficial laceration of the third and fourth torso.

She would also testify that she had occasion to perform a vaginal examination of [the victim] and she would testify as to the following findings:

She found a perforated hymen, hymenal opening and closed vaginal wall with ecchymotic or dark purple at 3 o'clock and 6 o'clock;

The hymenal opening was 1.5 centimeters wide by 2 centimeters long, hymenal ring at 6 o'clock absent;

Old blood present in the vagina;

Excrement present surrounding the rectum, normal rectal tone, no rectal lacerations or bruising."

Defendant presented an alibi defense through his own testimony as well as that of his girlfriend and stepfather.

The circuit court found defendant guilty of six counts of aggravated criminal sexual assault and three counts of criminal sexual assault. However, defendant was sentenced only on the two counts of aggravated criminal sexual assault alleging contact between defendant's penis and the complainant's vagina and anus, which were predicated on bodily harm. The bodily harm identified in the indictment was vaginal tearing. The remaining count of aggravated criminal sexual assault predicated on bodily harm alleged contact between defendant's penis and the complainant's mouth, and the other three counts of aggravated criminal sexual assault stated the complainant's age as the aggravating factor.

Defendant contends on appeal that the State did not prove the aggravating factor of bodily harm beyond a reasonable doubt. He argues that there was no testimony that defendant's penis entered the complainant's vagina, and contends that the 10-year-old complainant's perforated hymen and the presence of "old" blood in the vagina related to "nothing more than a previous loss of virginity or other condition." Defendant also maintains that the perforated hymen, absent hymenal ring, and blood were inherent in the act of criminal sexual assault and cannot serve as the aggravating factor of bodily harm. Defendant asks that his convictions for aggravated

criminal sexual assault be reduced to the lesser offenses of criminal sexual assault and that the cause be remanded for resentencing. The State responds that there was sufficient proof of bodily harm, and that even if defendant's argument is accepted, at most the cause would be remanded for resentencing on the aggravated criminal sexual assault convictions based on the complainant's age.

The relevant statute defines bodily harm as "physical harm, and includes, but is not limited to, sexually transmitted disease, pregnancy and impotence." (720 ILCS 5/12—12(b) (West 1992).) In defining bodily harm, our supreme court stated that "[a]lthough it may be difficult to pinpoint exactly what constitutes bodily harm ***, some sort of physical pain or damage to the body, like lacerations, bruises or abrasions, whether temporary or permanent, is required." (*People v. Mays* (1982), 91 Ill. 2d 251, 256, 437 N.E.2d 633.) Bodily injury may be shown by the actual injury, such as bruises, or may be inferred by the trier of fact based upon common knowledge. *People v. Lopez* (1991), 222 Ill. App. 3d 872, 879, 584 N.E.2d 462, *appeal denied* (1992), 144 Ill. 2d 639, 591 N.E.2d 27.

■ Contrary to defendant's assertion, we find that the evidence contained in the record and summarized above was sufficient to establish that defendant's penis entered the complainant's vagina. With respect to the factor of bodily harm, the complainant testified that it hurt when defendant's penis touched her vagina, and the medical evidence indicated not only a perforated hymen, absent hymenal ring, and "old" blood in the vagina, but also "ecchymotic or dark purple" in two areas of the vagina. In our view, this evidence was sufficient to allow the circuit court to conclude that the complainant suffered bodily harm other than that inherent in the offense of criminal sexual assault. The judgment of conviction on three counts of aggravated criminal sexual assault is therefore affirmed.

■ We note, however, that the circuit court sentenced defendant to two concurrent terms of 25 years on two counts. The Unified Code of Corrections requires that the sentences be consecutive. Section 5—8—4(a) states:

> "The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of a violation of Section 12—13 [criminal sexual assault] or 12—14 [aggravated criminal sexual assault] of the Criminal

Code of 1961, in which event the court *shall* enter sentences to run consecutively." (Emphasis added.) 730 ILCS 5/5—8—4(a) (West 1992).

The court stated it was

"aware of the statute which requires that [defendant] be sentenced to consecutive sentencing. *** This court being aware of the statute chooses not to follow it. The Illinois Supreme Court has the matter under consideration at this point. I think the sentence is fair. If, in fact, the Supreme Court determines that I'm wrong in not making it consecutive, they can remand it to meet their purpose for doing that."

The circuit court was referring to the case of *People v. Wittenmyer* (1992), 151 Ill. 2d 175, 601 N.E.2d 735. In *Wittenmyer*, our supreme court clarified the meaning of section 5—8—4(a), reading it to require consecutive sentences in cases like this one. (*Wittenmyer*, 151 Ill. 2d at 195-97.) This issue is now settled. In sentencing defendant to concurrent terms rather than consecutive terms, as required by the statute, the circuit court abused its discretion.

■ Contrary to defendant's assertion in his supplemental brief, consecutive sentencing in this case would not encompass impermissible double enhancement. Imposition of consecutive sentences in this case is mandated by the statute; neither bodily harm nor the age of the victim is used in any way to enhance the sentence. In fact, we note that since the aggravating factor of bodily harm was utilized to enhance the offense from criminal sexual assault to aggravated criminal sexual assault, the additional aggravating factor of the victim's age (730 ILCS 5/5—5—3.2(c) (West 1992)) could have been used by the circuit court to find defendant eligible for an extended term—a range of 30 to 60 years (730 ILCS 5/5—8—2(a)(2) (West 1992)) rather than the unextended Class X range of 6 to 30 years (730 ILCS 5/5—8—1(a)(3) (West 1992)). Theoretically, defendant could be eligible for consecutive 60-year terms. Sentencing decisions, however, remain within the sound discretion of the circuit court.

■ Defendant's argument that the statute is unconstitutional because it violates due process and the proportionate penalties provision of the Illinois Constitution is also unpersuasive. Defendant asserts that the statute at issue punishes less serious offenders more severely, but never indicates how offenses such as those in this case are less serious. Without that essential link, defendant's logical chain crumbles.

■ Although the circuit court abused its discretion in sentencing defendant to concurrent rather than the required consecutive terms of imprisonment, it is doubtful whether this court may vacate

defendant's sentences and remand the cause for a new sentencing hearing in which the circuit court would be required to impose consecutive sentences. To order the circuit court to impose consecutive sentences might be a prohibited expansion of the State's limited right to appeal in a criminal case. (See Illinois Supreme Court Rule 604(a)(1) (134 Ill. 2d R. 604(a)(1)); *People v. Griffin* (1993), 247 Ill. App. 3d 1, 20, 616 N.E.2d 1242, 1255.) Except for permitting a limited remand to impose sentence on an incomplete judgment, this court has most often limited remands to exclude all sentencing modifications. (*People v. Hatfield* (1994), 257 Ill. App. 3d 707, 711, 630 N.E.2d 463, 465-66; *People v. Davilla* (1992), 236 Ill. App. 3d 367, 389, 603 N.E.2d 666, 680, *appeal denied* (1993), 148 Ill. 2d 646, 610 N.E.2d 1269, *cert. denied* (1993), 509 U.S. 909, 125 L. Ed. 2d 700, 113 S. Ct. 3008.) In *People v. Arna* (1994), 263 Ill. App. 3d 578, 635 N.E.2d 815, *appeal allowed* (1994), 157 Ill. 2d 507, however, this court remanded for the imposition of consecutive sentences *sua sponte* where the circuit court had imposed concurrent sentences in a case similar to this one. The Illinois Supreme Court has recently granted the defendant's petition for leave to appeal, presumably to determine this precise issue. Although consecutive sentencing is mandatory in this case, and we believe that we should remand for its imposition when the circuit court fails to do so (especially in light of the sentencing judge's comment that he knew that the statute required consecutive sentencing but he chose not to follow the statute), out of deference to the supreme court's forthcoming resolution of the issue we will follow the majority of appellate court decisions and not remand for a modification of defendant's sentences.

■ On the other hand, the State's argument that this cause should be remanded for imposition of a sentence on a third count is persuasive. The circuit court convicted defendant of nine counts, but sentenced him on only two counts, stating that "there will be a judgment; no sentence. Most of those would actually merge in the greater offenses. There will be judgment, no sentence on those." Insofar as the six convictions based upon vaginal and anal penetration merged into two convictions for aggravated criminal sexual assault, the court is correct; the lesser offenses merge into the greater offenses, and the one-act, one-crime doctrine prohibits multiple convictions for the same act. But three of the convictions were based upon oral penetration; this was a separate act, and while these three convictions should merge into one conviction for aggravated criminal sexual assault, they should not also merge into the convictions for vaginal and anal penetration. According to our supreme court, the merger of sexual assault convictions based upon different acts is improper. *People v. Segara* (1988), 126 Ill. 2d 70, 78, 533 N.E.2d 802.

"Conviction" means a judgment of conviction or sentence entered upon a plea of guilty or a finding of guilty of an offense, rendered by a legally constituted jury or by a court without a jury. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—1—5 (now 730 ILCS 5/5—1—5 (West 1992)).) "Judgment" means an adjudication by the court that the defendant is guilty or not guilty, and if the adjudication is guilty, it includes the sentence. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—1—12 (now 730 ILCS 5/5—1—12 (West 1992)).) The final judgment in a criminal case is the imposition of sentence. (*People v. Dixon* (1982), 91 Ill. 2d 346, 438 N.E.2d 1283.) The sentence is a necessary part of a complete judgment of guilt. (*People v. Vaughn* (1981), 92 Ill. App. 3d 913, 416 N.E.2d 681.) In the absence of a sentence, a judgment of conviction is not final. (*People v. Warship* (1974), 59 Ill. 2d 125, 319 N.E.2d 507.) The proper remedy for a failure to enter judgment is to remand to the circuit court for entry of judgment.

This court's power to do so emanates from the Illinois Supreme Court's decision in *People v. Scott* (1977), 69 Ill. 2d 85, 370 N.E.2d 540. In *Scott*, the defendant was convicted of aggravated battery, rape, armed robbery, and aggravated kidnapping. The circuit court imposed sentence on all convictions except the conviction on the kidnapping charge. The appellate court affirmed the conviction and remanded the cause for entry of sentence. The supreme court held it unnecessary to decide whether, absent an appeal by defendant, the State could have sought review on the failure of the circuit court to impose sentence, but found that, with the defendant's appeal before it, seeking a reversal of the judgment of conviction, the appellate court was empowered to remand the cause for imposition of sentence. (*Scott*, 69 Ill. 2d at 88.) Our supreme court later found in *Segara*, a case similar to this one, that the cause had to be remanded for sentencing on an unsentenced second conviction "because sentencing is a necessary component of a judgment of conviction." *Segara*, 126 Ill. 2d at 78.

A circuit court lacks authority to impose a sentence less than the statutory minimum on a judgment of conviction. (*People v. Dean* (1978), 61 Ill. App. 3d 612, 619, 378 N.E.2d 248.) It therefore follows that a circuit court also lacks authority to fail to impose any sentence on a properly entered judgment of conviction. (*Dean*, 61 Ill. App. 3d at 619.) Where the judgment of a reviewing court is affirmance of a circuit court's judgment of conviction, but that judgment remains incomplete because no sentence has been entered upon it, the reviewing court should order the judgment made final by the imposition of sentence.

We note finally that defendant concedes in his supplemental

brief that he does not contest a remand for judgment to be made final by the imposition of sentence under *Scott* and its progeny.

For the reasons given above, we affirm defendant's convictions for three counts of aggravated criminal sexual assault and remand the cause to the circuit court for the imposition of sentence on the third count. As we pointed out above, defendant is eligible for extended-term sentencing in the discretion of the circuit court, and the statute requires that whatever sentence is imposed on the third count be consecutive to the sentences on the other two counts.

Affirmed and remanded.

SCARIANO and McCORMICK, JJ., concur.