THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSE MEDRANO, Defendant-Appellant.

First District (6th Division)   No. 1—94—2069

Opinion filed July 26, 1996.

George P. Lynch, of Downers Grove, and Kielian & Walther, of Chicago (M. Jacqueline Walther, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Veronica X. Calderon, and McRay Judge II, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE ZWICK delivered the opinion of the court:
On June 9, 1992, defendant, Jose Medrano, was charged by indictment with attempted first degree murder, aggravated unlawful restraint, armed robbery, aggravated criminal sexual abuse, criminal sexual assault, armed violence, and multiple counts of aggravated kidnapping. Following a jury trial, defendant was convicted of attempted first degree murder, armed robbery, aggravated criminal sexual abuse, aggravated kidnapping, aggravated criminal sexual assault, and aggravated battery. The aggravated battery conviction was merged by the trial court with the attempted murder conviction, and

defendant was subsequently sentenced to concurrent terms of imprisonment of 60 years for the attempted murder and 15 years for the aggravated kidnapping and two concurrent terms each of 30 years for the aggravated criminal sexual assault and armed robbery. The two concurrent terms of 30 years were to be served consecutively to the two concurrent terms of 60 and 15 years (total of 90 years). Defendant now appeals.

Of the issues raised, only the claims regarding defendant's aggravated criminal sexual assault convictions and sentencing meet the criteria for publication under Supreme Court Rule 23(a) (166 Ill. 2d R. 23(a)). Accordingly, pursuant to Illinois Supreme Court Administrative Order No. 10343, we have omitted our discussion of all but these issues in our published opinion.

We turn to the defendant's claim that judgment was improperly entered on the charges of aggravated criminal sexual assault. The jury returned a verdict finding defendant guilty of three counts of aggravated criminal sexual assault pursuant to section 12—14(a) of the Criminal Code of 1961 (720 ILCS 5/12—14(a)(1), (a)(2), (a)(3) (West 1992)), subsections (1) dangerous weapon; (2) bodily harm; and (3) threatening or endangering life. The trial judge stated that he was "going to enter judgment" on all counts of guilty charges, but the mittimus reflects that he sentenced defendant on only one of the three counts of aggravated sexual assault, *i.e.*, the count based on subsection (1) dangerous weapon.

Defendant claims that three convictions based on the three separate guilty verdicts of aggravated criminal sexual assault arose from the same act of penetration. Defendant interprets the record as demonstrating that judgment was entered on all three guilty verdicts. Defendant requests that this court vacate the judgment as to two of these guilty verdicts. The State does not dispute that defendant was found guilty of three counts of aggravated criminal sexual assault based on one act, but argues that defendant was only sentenced based on one count of aggravated criminal sexual conduct, and so final judgment was entered properly on only one count. The State claims that by not sentencing defendant on the other two guilty verdicts of aggravated criminal sexual assault, the trial court implicitly recognized that the two counts underlying those verdicts merged with the third count for purposes of final judgment.

The law is clear that multiple convictions cannot be carved from the same physical act. *People v. King*, 66 Ill. 2d 551, 363 N.E.2d 838 (1977). *King* concerned guilty verdicts resulting in sentences. The issue presented here is what constitutes a "conviction"—a verdict of guilt, a pronouncement of judgment, or the imposition of a sentence?

■ "Conviction" means a judgment of conviction or sentence entered upon a plea of guilty or a finding of guilty of an offense, rendered by a legally constituted jury or by a court without a jury. 720 ILCS 5/2—5 (West 1992); 730 ILCS 5/5—1—5 (West 1992); see also *People v. Robinson*, 267 Ill. App. 3d 900, 907, 642 N.E.2d 1317 (1994); *People v. Young*, 116 Ill. App. 3d 984, 990, 452 N.E.2d 718 (1983). "Judgment" means an adjudication by the court that the defendant is guilty or not guilty, and if the adjudication is guilty, it includes the sentence pronounced by the court. 725 ILCS 5/102—14 (West 1992); 730 ILCS 5/5—1—12 (West 1992); see also *People v. Allen*, 71 Ill. 2d 378, 381, 375 N.E.2d 1283 (1978). The final judgment in a criminal case is the imposition of sentence. *People v. Dixon*, 91 Ill. 2d 346, 438 N.E.2d 180 (1982); *Robinson*, 267 Ill. App. 3d at 907; *Young*, 116 Ill. App. 3d at 990. The sentence is a necessary part of a complete judgment of guilt. *People v. Vaughn*, 92 Ill. App. 3d 913, 416 N.E.2d 681 (1981). In the absence of a sentence, a judgment of conviction is not final. *In re J.N.*, 91 Ill. 2d 122, 435 N.E.2d 473 (1992); *People v. Warship*, 59 Ill. 2d 125, 319 N.E.2d 507 (1974).

Defendant relies on *People v. Smith*, 111 Ill. App. 3d 494, 444 N.E.2d 565 (1982), and *People v. Hernandez*, 229 Ill. App. 3d 546, 593 N.E.2d 1123 (1992). While the issue here was not squarely presented in these decisions, *Smith* did treat a guilty verdict in the absence of sentencing thereon as a conviction for purposes of the *King* rule. *Smith*, 111 Ill. App. 3d at 500-01. And *Hernandez* refers to "judgments of convictions" on two charges where only one sentence was imposed. *Hernandez*, accordingly, vacated one "conviction" for purposes of the *King* rule. *Hernandez*, 229 Ill. App. 3d at 559-60.

The case of *People v. Cruz*, 196 Ill. App. 3d 1047, 554 N.E.2d 598 (1990), is more helpful. Relying on the former version of section 2—5, *Cruz* held that in the absence of a judgment formally entered or a sentence imposed, there is no "conviction." A jury verdict does not equal a judgment of conviction for purposes of applying *King*'s rule against multiple convictions. *Cruz*, 196 Ill. App. 3d at 1052.

However, the entry of a judgment is only a ministerial act. Once a jury renders its verdict, it remains for the trial court to accept the verdict and pronounce its judgment. While imposition of a sentence completes the judgment and makes it final for purposes of an appeal, a judgment of conviction is rendered once the trial court adjudicates a defendant guilty.

In the present case, although the trial judge stated that he was "going to" enter judgment on all counts of the guilty charges, we construe his statement to indicate the pronouncement of judgment on all counts, which a clerk would then enter.

The State's argument that the two additional guilty convictions "merged" into the single judgment of conviction based on use of a deadly weapon does not change the fact that these were convictions.

■ We therefore find that defendant was convicted of three counts of aggravated criminal sexual assault, which the State has conceded were based on one physical act. The rule against multiple convictions requires that the two convictions for aggravated criminal sexual assault based on bodily harm and endangering life (720 ILCS 5/12—14(a)(2), (a)(3) (West 1992)) be vacated.

As part of its response to defendant's claims regarding multiple convictions on the aggravated criminal sexual assault charges, the State requests that the cause be remanded to the trial court for resentencing. The State claims that the defendant's entire sentence is void because it is not entirely consecutive pursuant to the mandatory provisions of section 5—8—4(a) of the Uniform Code of Corrections. 730 ILCS 5/5—8—4(a) (West 1994). The State also seeks remand for imposition of sentence on the conviction for aggravated criminal sexual abuse. This charge was apparently overlooked during the defendant's sentencing hearing.

■ Recently, in *People v. Arna*, 168 Ill. 2d 107, 112-13, 658 N.E.2d 445 (1995), our supreme court held that a sentence which does not conform to a statutory requirement is void. The supreme court went on to state that when such a sentence has been imposed by the trial court, the appellate court has the inherent authority to correct it, despite the State's very limited right to appeal. Other supreme court decisions support this holding (see *People v. Dixon*, 91 Ill. 2d 346, 438 N.E.2d 1283 (1982); *People v. Scott*, 69 Ill. 2d 85, 370 N.E.2d 540 (1977)), although we note that allowing the State to raise sentencing issues on appeal has been the subject of criticism. See *Dixon*, 91 Ill. 2d at 356-59 (Moran, J., concurring in part and dissenting in part, joined by Goldenhersh, J.); *Arna*, 168 Ill. 2d at 115-17 (Nickels, J., dissenting, joined by McMorrow, J.).

The appellate court in *Arna* vacated the defendant's concurrent sentences and ordered remand for the imposition of "appropriate sentences to be imposed consecutively." *People v. Arna*, 263 Ill. App. 3d 578, 589 (1994). With regard to his conviction for aggravated criminal sexual abuse, defendant acknowledges that we have the authority to remand for resentencing. He argues, however, that simply because we have the authority to remand does not require that we do so. He points out that the State filed a detailed brief in the trial court discussing various sentencing issues, but neglected to ask for sentencing on the abuse conviction. He notes that waiver principles apply equally to the State as to the defendant. *People v. Adams*, 131 Ill. 2d

387, 395-96, 546 N.E.2d 561 (1989). He also notes that the trial court sentenced defendant to a very significant term in prison. He argues that additional sentencing would be inappropriate under these facts when the trial court created a clear record showing 90 years to be an appropriate sentence "overall."

We agree with the defendant that simply because we have the authority to remand for resentencing pursuant to the supreme court's opinions in *Arna*, *Dixon* and *Scott*, we need not always do so. Under a particular set of facts we may conclude that it would be a waste of judicial resources for us to remand the case. We also agree with the defendant that, when the State fails to press sentencing on a particular conviction, and when the defendant must serve another significant sentence related to the charges brought by the State, there is the potential for inherent unfairness should the case be remanded. We are particularly sensitive to the possibility that, if the law rigidly required remand on all unsentenced convictions, the State could fail to press for sentencing on one or more of a defendant's convictions in the circuit court, then use an unsentenced conviction to gain leverage against the defendant, perhaps chilling his constitutional right to pursue meritorious issues on appeal. See *Arna*, 168 Ill. 2d at 117 (Nickels, J., dissenting) ("a defendant must now carefully consider the decision to appeal because of a new risk of having his sentence increased"). Such considerations compel us to conclude that the prosecution's failure to pursue sentencing at an appropriate time in the circuit court, whether deliberate or inadvertent, may result in a finding on appeal that the conviction has been abandoned.

■ Nonetheless, the terms of section 5—8—4(a) have been held not to be the type of "personal rights" that may simply be waived by either the State or the defendant. See *People v. Childs*, 278 Ill. App. 3d 65, 75, 662 N.E.2d 161 (1996); *People v. Williams*, 263 Ill. App. 3d 1098, 1108, 638 N.E.2d 207 (1994). Because, as we discuss below, this matter must be remanded for resentencing on the defendant's other convictions, there would be no additional drain on judicial resources by ordering that defendant also be resentenced on the aggravated criminal sexual abuse conviction. In addition, the defendant has not argued that the State has attempted to use the unsentenced conviction unfairly against him. We conclude that the best course of action in this case is to remand the defendant's conviction for aggravated criminal sexual abuse for resentencing, along with defendant's other convictions. We turn to the State's arguments regarding the concurrent nature of the defendant's sentences.

■ Pursuant to section 5—8—4(a) of the Uniform Code of Corrections, when certain criminal offenses are "committed as part of a

single course of conduct during which there was no substantial change in the nature of the criminal objective" (730 ILCS 5/5—8—4(a) (West 1994), the trial court must impose concurrent sentences, unless a statutory exception requires consecutive sentences. See *People v. Wittenmyer*, 151 Ill. 2d 175, 601 N.E.2d 735 (1992); *People v. Bole*, 155 Ill. 2d 188, 613 N.E.2d 740 (1993). With regard to consecutive sentencing, section 5—8—4(a) states:

"The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of a violation of Section 12—13 [criminal sexual assault] or 12—14 [aggravated criminal sexual assault] of the Criminal Code of 1961, *in which event the court shall enter sentences to run consecutively.*" (Emphasis added.) 730 ILCS 5/5—8—4(a) (West 1994).

█ In this case, the trial court expressly found the defendant to have committed his crimes as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective. As the trial court recognized, this finding suggests mandatory concurrent sentences under the provisions of section 5—8—4(a). As the trial court also recognized, however, the specific exceptions to concurrent sentencing contained in section 5—8—4(a) are triggered by the particular types of crimes committed by the defendant. The question now raised by the State requires that we consider whether the court properly applied the general rule, requiring concurrent sentences, and the mandatory exceptions, requiring consecutive sentences.

The trial court's sentencing order indicates that the defendant was sentenced to what can be thought of as two consecutive terms:

- 60 years for attempted murder, to be served concurrently with a 15-year sentence for aggravated kidnapping; and
- 30 years for armed robbery, to be served concurrently with a 30-year sentence for aggravated criminal sexual assault.

This sentence amounts to an overall term of incarceration of 90 years.

The State argues that the concurrent aspects of the defendant's sentence must be made consecutive in order for the defendant's sentence to comply with section 5—8—4(a). In the State's view, the defendant must be sentenced to five consecutive terms, one for each of the offenses the defendant committed during his "single course of conduct." Although not cited by the State, our fourth district recently

interpreted section 5—8—4(a) in this way. See *Childs*, 278 Ill. App. 3d at 74-78.

The State's argument has merit, but goes too far. Contrary to the State's position, the mandatory sentencing provisions of section 5—8—4(a) have been found *not* to apply unless the conviction at issue is specifically enumerated by that section, at least in the first district. In fact, under the mandatory provisions of section 5—8—4(a), all other convictions *must* be sentenced concurrently.

The first opinion to squarely address the issue of whether section 5—8—4(a) requires wholesale consecutive sentencing is *People v. Williams*, 263 Ill. App. 3d 1098, 638 N.E.2d 207 (1994). In *Williams*, a first district case, the defendant was convicted of four counts of aggravated criminal sexual assault and two counts of aggravated kidnapping. The trial court sentenced defendant to consecutive terms for each of the six offenses. In vacating the defendant's sentence on the aggravated kidnapping convictions and remanding the case for resentencing thereon, the court wrote:

> "We interpret the terms of section 5—8—4(a) to mean that only those convictions for crimes *specifically enumerated* by the statute are to be served consecutively. While we conclude that sentences for other crimes may not be served during the same time period a defendant is serving a 'consecutive' sentence under section 5—8—4(a), sentences for crimes not enumerated in section 5—8—4(a) may be served concurrently to one another after the consecutive sentences have been served." (Emphasis added.) *Williams*, 263 Ill. App. 3d at 1108.

Because the aggravated kidnapping charges were not "specifically enumerated," the *Williams* court held that consecutive sentencing under section 5—8—4(a) was improper. The court stated that section 5—8—4(a) required the kidnapping sentences to be served concurrently with one another after the defendant had discharged his sentences on the aggravated criminal sexual assault convictions. *Williams*, 263 Ill. App. 3d at 1108.

Subsequently, the third district, in *People v. Ivey*, 267 Ill. App. 3d 310, 642 N.E.2d 157 (1994), independently reached the same conclusion. The defendant in *Ivey* had been convicted of aggravated battery, aggravated criminal sexual abuse, and aggravated criminal sexual assault. He was sentenced by the trial court to serve each of his sentences consecutively pursuant to the mandatory exception governing aggravated criminal sexual assault convictions set out in section 5—8—4(a). The appellate court, however, noted that the triggering offenses set out by section 5—8—4(a) are *exceptions* to the general rule requiring concurrent sentencing. The triggering offenses are

treated as exceptions due to the combination of the seriousness of those crimes (Class X or Class 1 felonies) and their physical ("grievous bodily injury") or psychological (sexual assault or aggravated sexual assault) impact upon the victim. *Ivey*, 267 Ill. App. 3d at 312. Accordingly, the court ordered that the defendant's "less serious offenses" be served concurrently after the defendant had served his consecutive sentence for aggravated criminal sexual assault. *Ivey*, 267 Ill. App. 3d at 313.

■ We conclude that aspects of the defendant's sentencing in this case violate the terms of section 5—8—4(a) because the aggravated criminal sexual assault and attempted murder sentences were not made fully consecutive by the trial court. The aggravated criminal sexual assault conviction is a triggering offense, "specifically enumerated" by section 5—8—4(a). The attempted murder conviction is also "specifically enumerated" because it is a Class X felony and the victim in this case suffered "grievous bodily injury" as a result of the commission of that crime. This means that, contrary to the trial court's sentencing, the defendant may not be permitted to serve his aggravated kidnapping and armed robbery sentences concurrently with these crimes. Defendant's convictions for aggravated criminal sexual assault and his conviction for attempted murder must be served prior to any concurrent sentences and, to be "consecutive" sentences, they may not be served simultaneously to one another. See *Williams*, 263 Ill. App. 3d at 1108. Once his consecutive sentences have been discharged, defendant can begin to serve any "concurrent" sentences he may have.

■ With regard to the State's claim that the remaining sentences (aggravated criminal sexual abuse, aggravated kidnapping and armed robbery) must also be served consecutively pursuant to the terms of section 5—8—4(a), we do not agree.

First, the defendant's conviction for aggravated criminal sexual abuse is not a triggering offense. Aggravated criminal sexual abuse is not a Class 1 or Class X felony. It is a Class 2 felony (720 ILCS 5/12—16(g) (West 1994)). Additionally, the defendant's conduct in committing this crime did not proximately result in grievous bodily injury to the victim.[1] Finally, aggravated criminal sexual abuse is a distinct crime unrelated to the crimes listed by section number in section

---

[1]Although section 5—8—4(a) does not specifically indicate that there must be a proximate connection between the Class X or Class 1 felony and the "grievous bodily injury" suffered by the victim, such is a reasonable interpretation of the statute's plain language, particularly in light of the statute's purpose in punishing the defendant for those crimes which deserve

5—8—4(a), those being criminal sexual assault and aggravated criminal sexual assault. Accordingly, the mandatory consecutive sentencing provisions of section 5—8—4(a) simply do not apply to defendant's aggravated criminal sexual abuse conviction.

With regard to the remaining charges, armed robbery and aggravated kidnapping, we similarly conclude the facts of this case do not warrant mandatory consecutive sentences under section 5—8—4(a). Although these crimes are Class X and Class 1 felonies, respectively, we again note that there is no proximate connection on these facts between the defendant's conduct in committing these crimes and the victim's grievous bodily injuries. On remand, any sentences on these convictions must be served concurrently, unless the court exercises its authority to make them consecutive pursuant to the provisions of section 5—8—4(b) of the Code. This section deals with discretionary consecutive sentencing.

The following chart may be helpful on remand in summarizing our holding with regard to defendant's sentencing under section 5—8—4:

| FELONY CONVICTION | STATUTORY PROVISION | FELONY CLASSIFICATION | POSSIBLE SENTENCE |
|---|---|---|---|
| Attempted Murder* | 720 ILCS 5/8—4(c)(1) | Class X | |
| | 730 ILCS 5/5—8—2(a)(2) | (Extended) | 30-60 Years |
| Agg. Sexual Assault* | 720 ILCS 5/12—14 | Class X | 6-30 Years |
| Armed Robbery** | 720 ILCS 5/18—2(b) | Class X | 6-30 Years |
| Agg. Kidnapping** | 720 ILCS 5/10—2(b)(2) | Class 1 | 4-15 Years |
| Agg. Sexual Abuse** | 720 ILCS 5/12—16(g) | Class 2 | 3-7 Years |
| * Mandatory Consecutive Pursuant to Section 5—8—4(a) | ** Mandatory Concurrent Pursuant to Section 5—8—4(a) (May be made consecutive under section 5—8—4(b)) | | |

As indicated, pursuant to the terms of section 5—8—4 of the Code, the defendant is statutorily eligible for a minimum sentence of 42 years (consecutive sentences of 30 years for attempted murder and six years for aggravated criminal sexual assault, assuming minimum concurrent sentences given for the remaining convictions of armed robbery, aggravated kidnapping and aggravated sexual abuse). At the other extreme, the defendant is eligible to receive a statutory sentence of 120 years should the court exercise its discretionary authority to sentence the defendant to consecutive terms pursuant to section 5—8—4(b). One hundred and twenty years is the maximum

"special treatment." See *Childs*, 278 Ill. App. 3d at 76. It is also appropriate to read section 5—8—4(a) in this way in light of the established principle that any ambiguity in penal statutes should be construed in favor of the defendant. *Williams*, 263 Ill. App. 3d at 1108.

consecutive sentence allowed by section 5—8—4(c)(2) (730 ILCS 5/5—8—4(c)(2) (West 1994)).

■ We make one final point. The record indicates that, prior to sentencing the defendant, the trial court carefully weighed all of the relevant factors in an attempt to reach an appropriate overall sentence for the defendant's crimes. Due process precludes vindictive sentencing on remand. See generally *North Carolina v. Pearce*, 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969); *People v. Adams*, 169 Ill. App. 3d 312, 523 N.E.2d 223 (1988). See also 730 ILCS 5/5—5—4 (West 1994). Prior to defendant's resentencing, we are confident the trial court will again carefully consider the relevant factors, including the additional consideration of the potentially chilling effect an enhanced sentence of more than 90 years could have on other defendants as they consider whether to exercise their constitutional right to appeal.

For the foregoing reasons, we affirm defendant's convictions for attempted murder, aggravated criminal sexual assault, armed robbery, aggravated kidnapping and criminal sexual abuse. We vacate defendant's sentences on these crimes, however, and remand this matter to the trial court with directions to resentence the defendant in accordance with this opinion.

Affirmed in part; vacated in part and remanded.

McNAMARA and RAKOWSKI, JJ., concur.