THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KATHY KRAFT, Defendant-Appellant.

First District (3rd Division)   No. 1—94—2553

Opinion filed December 27, 1995.

Howard E. Towels, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Timothy Felgenhauer, and Cathleen A. Dillon, Assistant State's Attorneys, of counsel), for the People.

JUSTICE TULLY delivered the opinion of the court:

Following a bench trial, defendant, Kathy Kraft, was convicted of criminal trespass to real property in violation of section 21—3 of the Criminal Code of 1961 (720 ILCS 21—3 (West 1992)) and sentenced to one year's probation for that crime. Jurisdiction is vested in this court pursuant to section 6 of article VI of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Supreme Court Rule 603 (134 Ill. 2d R. 603).

For the reasons which follow, we affirm.

## FACTUAL BACKGROUND

Complainant, Isadore Ivan Ramos, resided at 2215 North Keating Avenue in Chicago with his wife, three children and mother-in-law. During the 10 years the Ramos family resided at that location, they suffered through a number of disturbing, racially motivated incidents by defendant, who lived next door. As a result of one incident, defendant was ordered by the circuit court to stay off the Ramos property.

At 12:25 p.m. on January 9, 1993, complainant was repairing the window frame in his second-floor rear bedroom when he saw defendant cross the gangway and enter the alley where she struck complainant's garage with a baseball bat. The garage's alarm sounded as defendant fled back into her garage with the bat. When called as a defense witness pursuant to section 2—1102 of the Code of Civil Procedure (section 2—1102) (735 ILCS 5/2—1102 (West 1992)),

complainant added that defendant damaged the overhead door. Complainant denied that he actually saw defendant swing the bat, but he believed she swung it from the right side of her body. When the police arrived within four minutes after the alarm sounded, complainant told them that defendant hit the door. The police went to defendant's house, but no one answered the door. A few minutes after the police arrived, complainant's neighbor, Deborah Narine, told him that defendant had run inside her home. Complainant's mother-in-law was in her bedroom at the time of the incident, but was not at the window.

Narine testified that she lived next door to complainant. At 12:30 p.m. on January 9, 1993, complainant's alarm sounded. The security company that monitored complainant's property called Narine concerning the alarm. Several minutes after the alarm sounded, Narine looked out her kitchen window and saw defendant run into her house from the garage. Complainant was on his back porch with two police officers, but their backs were turned toward defendant's yard.

Defendant testified that she lived at 2213 North Keating Avenue in Chicago. Her relationship with the Ramos family soured a few years after they moved into the neighborhood, but she never had problems with Narine. Defendant claimed that at the time of the incident she was with her mother and sister at a restaurant located in Chicago at the intersection of Montrose and Narragansett Avenues. Defendant then drove her sister home at 12:45 p.m. before proceeding to a shopping mall. Defendant denied that she entered complainant's property or struck his garage with a bat.

## ISSUES PRESENTED FOR REVIEW

On appeal, defendant contends that: (1) the evidence was insufficient to prove her guilty beyond a reasonable doubt; and (2) the trial court erroneously excluded relevant evidence regarding (a) an occurrence witness listed on police reports and (b) nonhearsay statements made by a neighbor to complainant at the time of the incident.

## OPINION

■ As a preliminary matter we note that defendant's brief contains neither a jurisdictional statement nor an appendix. Supreme Court Rule 612 makes Supreme Court Rules 341 and 342 (134 Ill. 2d Rules 341, 342) applicable to criminal appeals. (See 134 Ill. 2d R. 612.) Supreme Court Rule 341(e)(4) (155 Ill. 2d R. 341(e)(4)) mandates what an appellant's brief must contain. With regard to jurisdictional statements the rule provides, in pertinent part, as follows:

"In a case appealed to the Appellate Court, a brief, but precise

statement or explanation under the heading 'Jurisdiction' of the basis for appeal including the supreme court rule or other law which confers jurisdiction upon the reviewing court; the facts of the case which bring it within this rule or other law; and the date that the order being appealed was entered and any other facts which are necessary to demonstrate that the appeal is timely. In appeals from a judgment as to all the claims and all the parties, the statement shall demonstrate the disposition of all claims and all parties. All facts recited in this statement shall be supported by page references to the record on appeal." (155 Ill. 2d R. 341(e)(4)(ii).)

Supreme Court Rule 342(a) provides, in pertinent part:

"(a) Appendix to the Brief. The appellant's brief shall include, as an appendix, a copy of the judgment appealed from, any opinion, memorandum, or findings of fact filed or entered by the trial judge, the notice of appeal, and a complete table of contents, with page references, of the record on appeal." (134 Ill. 2d R. 342(a).)

Thus, defendant's brief is in clear violation of Rule 341(e)(4) (155 Ill. 2d R. 341(e)(4)) and Rule 342(a) (134 Ill. 2d R. 342(a)).

"Adherence to Supreme Court Rules 341(e) and 342(a) is not an inconsequential matter. The purpose of the rules is to require parties to proceedings before a reviewing court to present clear and orderly arguments so that the court may properly ascertain and dispose of the issues involved." (*Zadrozny v. City Colleges* (1991), 220 Ill. App. 3d 290, 292; see also *People v. Townsend* (1995), 275 Ill. App. 3d 200; *Collier v. Avis Rent A Car System, Inc.* (1993), 248 Ill. App. 3d 1088.) Failure to provide a court of review with a brief in compliance with the rules needlessly complicates and extends the appeal process by burdening the court with satellite issues not relevant to the substantive ones on appeal. In addition, in a case such as we have here, where an appellant deems it unnecessary to provide the court with the requisite appendix, judicial resources are further wasted as judges and their clerks are forced to sojourn through voluminous records without so much as a table of contents for a guide. "Where an appellant's brief fails to comply with the rules, this court has inherent authority to dismiss the appeal for noncompliance with its rules." *Zadrozny*, 220 Ill. App. 3d at 292-93.

In the case *sub judice*, as the issues before us are fairly straightforward and the opening brief is in all other respects adequate, we do not believe that so harsh a sanction as dismissal is warranted; rather, it is our hope that our discussion of these issues will serve as an admonishment to attorneys practicing before this court to comply with its rules. That said, we now turn to the substantive issues at hand.

■ ■ Defendant first asserts that the evidence was insufficient to prove her guilty beyond a reasonable doubt. The relevant inquiry upon review of the sufficiency of the evidence in a criminal case is whether, after considering the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Wilson* (1991), 143 Ill. 2d 236, 246, 572 N.E.2d 937.) A positive identification of an accused by a single witness may be sufficient to sustain a conviction. (*People v. Cruz* (1990), 196 Ill. App. 3d 1047, 1053, 554 N.E.2d 598.) An individual commits criminal trespass to real property when he enters into the property of another knowing such entry is forbidden or remains on the property after being told to leave, even if the initial entry was lawful. *People v. DeRossett* (1992), 237 Ill. App. 3d 315, 326, 604 N.E.2d 500.

■ In the case *sub judice*, the evidence disclosed that complainant and his family had lived next door to defendant for 10 years. During that time, there were several nasty incidents which resulted in the entry of a court order barring defendant from entering onto complainant's property. Shortly after noontime on January 9, 1993, complainant was by the rear bedroom window when he saw defendant cross the gangway, enter the alley and strike his garage with a baseball bat. Police then arrived and conversed with complainant. When the alarm sounded, defendant ran to her garage. Narine then looked from her kitchen window and observed complainant and the policemen with their backs toward defendant's garage. At this point Narine also saw defendant run from her garage to her house. Much of defendant's reasonable doubt argument focuses on complainant's ability to view the scene to evaluate whether defendant was actually on complainant's property or if she did hit the garage. Defendant also claims that Narine's testimony was worthless because of obstacles blocking Narine's view of the area. The trial judge as trier of fact heard the evidence and resolved any conflicts in the testimony. Under the circumstances, we believe that the evidence was sufficient for a rational trier of fact to conclude that defendant was proven guilty beyond a reasonable doubt.

■ Next, defendant asserts that the trial court improperly excluded relevant evidence regarding an occurrence witness listed on police reports (complainant's mother-in-law) and nonhearsay statements made by a witness to complainant at the scene and time of the alleged incident. Questions concerning the admissibility of evidence are within the discretion of the trial court and its decision will not be reversed by this court absent an abuse of such discretion. (*People v. Allison* (1992), 236 Ill. App. 3d 175, 192, 602 N.E.2d 1288.) When a

trial court refuses to allow introductions of evidence, no appealable issue remains unless a formal offer of proof is made. (*People v. Peeples* (1993), 155 Ill. 2d 422, 457, 616 N.E.2d 294.) The purpose of an offer of proof is to inform the trial court and opposing counsel of the nature and substance of the evidence to be introduced and to preserve it for consideration on appeal. (*People v. Ferns* (1993), 247 Ill. App. 3d 278, 286, 617 N.E.2d 209.) Where it is not clear what a witness would state or his basis for making the statement, the offer of proof must be made with considerable detail. A reviewing court may thereby be informed of what was excluded and determine whether the exclusion was proper. *People v. Peeples*, 155 Ill. 2d at 457.

■ In the instant case, defendant called complainant to testify under section 2—1102 and attempted to question complainant about his mother-in-law, who was listed on police reports as an occurrence witness. Defendant now asserts that the State's objection to this line of questioning, which the trial court sustained, was unwarranted. Complainant's testimony disclosed that his mother-in-law was in the bedroom where he was repairing a window, but she did not look out the window or observe defendant. Thus, there is no evidence that her testimony would have been relevant. Accordingly, we find no error.

■ Still to be considered is defendant's claim that the trial court improperly barred her from eliciting testimony from complainant regarding his conversation with Narine. However, complainant testified as to the nature of the conversation with Narine. Furthermore, as defendant indicates, Narine was present in court and testified as to her conversation with complainant. Thus, we find this claim wholly without merit.

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI and CERDA, JJ., concur.