EILEEN McCARTHY, Plaintiff-Appellant, v. TITO DENKOVSKI *et al.*, d/b/a T and H Construction, Inc., Defendants-Appellees.

First District (3rd Division)    Nos. 1—96—2344, 1—96—3712 cons.

Opinion filed September 30, 1998.—Rehearing denied December 2, 1998.

70

Law Offices of Alice C. Lerman, of Lincolnwood (Alice C. Lerman, of counsel), for appellant.

Elaine C. Jensen, of Chicago, for appellees.

JUSTICE BURKE delivered the opinion of the court:

Plaintiff Eileen McCarthy appeals from two orders of the circuit court granting summary judgment in favor of defendants Tito and Helina Denkovski, d/b/a T&H Construction, Inc., in her contract action against defendants pursuant to the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 1994)), and the trial court's directed finding for defendants on her common law fraud claim. Defendants cross-appeal the trial court's denial of a directed verdict in their favor on plaintiff's breach of contract claim, and the court's denial of their posttrial motion for judgment notwithstanding the verdict or, in the alternative, a new trial on their counterclaim. For the reasons set forth below, we dismiss plaintiff's appeal for lack of jurisdiction and dismiss defendants' cross-appeal based upon their failure to comply with Supreme Court Rule 343(b)(1) (155 Ill. 2d R. 343(b)(1)).

Plaintiff initially filed a *pro se* small claims complaint on February 9, 1995, alleging defendants breached an oral contract to remodel her home. On June 29, 1995, plaintiff amended her complaint to add counts of common law fraud and violations of the Consumer Fraud Act as a result of her discovery of allegedly more serious structural

defects. Defendants filed a counterclaim alleging that plaintiff owed them money in payment for work they had completed on her house. On May 28, 1996, before a jury trial on plaintiff's amended complaint, the trial court granted defendants' motion for summary judgment on plaintiff's Consumer Fraud Act count, but denied defendants' summary judgment motion as to the breach of contract and common law fraud counts.

At trial, on June 3, 1996, after plaintiff's presentation of her case in chief, the trial court granted defendants' motion for a directed verdict on plaintiff's common law fraud count but denied defendants' motion for a directed verdict on plaintiff's breach of contract count. A copy of the written motion does not appear of record, but there is argument on the motion that does appear of record. Thereafter, on the same day, the jury returned a verdict in favor of plaintiff on her breach of contract claim and awarded her damages in the amount of $30,000. The jury also found for plaintiff on defendants' counterclaim. On July 1, 1996, plaintiff filed a notice of appeal seeking review of the trial court's June 3, 1996, order entering a judgment on the jury's verdict in her favor on her breach of contract count, granting defendants' motion for a directed verdict on plaintiff's common law fraud claim, and the court's May 28, 1996, order granting defendants' motion for summary judgment on plaintiff's Consumer Fraud Act claim.

On July 3, 1996, defendants filed a posttrial motion attacking the judgments in plaintiff's favor on her breach of contract claim and on defendants' counterclaim. Defendants sought a judgment notwithstanding the verdict or, in the alternative, a new trial on their counterclaim. On August 23, 1996, the trial court ordered defendants' posttrial motion "off call." The order contained in the record originally stated that the motion was denied, but prior to its entry, the word "denied" was crossed out and replaced with "off call." On September 20, 1996, defendants filed a "Notice of Appeal/Cross-Appeal," appealing from the trial court's denial of their motion for a directed verdict on plaintiff's breach of contract claim, and the order denying their posttrial motion. On November 22, 1996, plaintiff filed an amended notice of appeal, removing the $30,000 judgment from her appeal and only appealing the grant of summary judgment and the directed verdict.

█ In her opening brief, plaintiff states that this court's jurisdiction is based upon the timely appeal from two final orders entered by the trial court pursuant to Supreme Court Rule 301. Defendants do not challenge plaintiff's jurisdictional statement. However, this court must initially determine *sua sponte* whether it has jurisdiction to decide the issues presented. *Beale v. Edgemark Financial Corp.*, 279

Ill. App. 3d 242, 244, 664 N.E.2d 302 (1996). As this court has stated many times, "[j]urisdiction is conferred upon this court only through the timely filing of a notice of appeal. [Citations.] Thus, the requirement that the appellant file a notice of appeal within the prescribed time is both jurisdictional and mandatory." *Foster v. Plant*, 252 Ill. App. 3d 692, 697, 625 N.E.2d 198 (1993). Supreme Court Rule 303 governs the filing of a notice of appeal and provides:

"(1) Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending post-judgment motion.

(2) When a timely post-judgment motion has been filed by any party, whether in a jury case or a nonjury case, a notice of appeal filed before entry of the order disposing of the last pending post-judgment motion shall have no effect and shall be withdrawn by the party who filed it, by moving for dismissal pursuant to Rule 309. This is so whether the timely post-judgment motion was filed before or after the date on which the notice of appeal was filed. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the post-judgment motion, as provided in subparagraph (a)(1) of this rule." 155 Ill. 2d R. 303.

By Rule 303's express language, if a notice of appeal is filed before the disposition of a timely posttrial motion, that notice is of no effect. It does not matter whether the notice was filed before or after the posttrial motion.

In the present case, in order for defendants' posttrial motion of July 3, 1996, to qualify as a "posttrial motion" pursuant to Rule 303, it must be "directed against the judgment." If defendants' posttrial motion was directed against the judgment, then plaintiff's first notice of appeal, filed on July 1, 1996, was premature and of no effect, and her amended notice of appeal, filed on November 6, 1996, was untimely filed in excess of 30 days from the disposition of defendants' posttrial motion and does not vest this court with jurisdiction. If the posttrial motion is not "directed against the judgment," then plaintiff's first notice of appeal was timely and the amended notice was proper.

■ Whether a posttrial motion is one "directed against the judgment" is determined by looking at the motion and determining if it attacks the original judgment or involves an independent determination, "entirely distinct from [the] judgment previously entered." *Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458, 462, 563 N.E.2d 459 (1990). In *Marsh*, our supreme court held that a section 2—611 request

for attorney fees was not a motion to modify the judgment or directed against the judgment (*Marsh*, 138 Ill. 2d at 462) because the motion did not seek a modification of the original judgment that related to alleged zoning violations by a church. See also *Servio v. Paul Roberts Auto Sales, Inc.*, 211 Ill. App. 3d 751, 757-58, 570 N.E.2d 662 (1991); *Knapp v. City of Decatur*, 160 Ill. App. 3d 498, 503, 513 N.E.2d 534 (1987).

■ In the present case, defendants' motion sought a judgment notwithstanding the verdict in favor of plaintiff for $30,000 or, in the alternative, a new trial on their counterclaim seeking their alleged contract damages from plaintiff's failure to pay the full contract price of defendants' work. The trial court's granting of defendants' motion regarding either plaintiff's claim or defendants' counterclaim obviously would have resulted in modifying its original judgment and, therefore, it is clear that defendants' motion was "directed against the verdict." This is not a situation, as in *Marsh*, where the trial court's decision on the issue of attorney fees would have no bearing on the force or effect of the original judgment related to zoning. Additionally, in plaintiff's first notice of appeal here, plaintiff appealed from not only the grant of summary judgment and the trial court's directed verdict on her fraud counts, she also appealed the verdict in her favor on her breach of contract count. Therefore, defendants' posttrial motion directly challenged the judgment that was also the basis for part of plaintiff's first notice of appeal. We further note the present situation clearly illustrates the rationale underlying Rule 303, requiring the parties to wait to file an appeal until the disposition of all posttrial motions. For example, had the trial court granted defendants' motion, then plaintiff, pursuant to section 2—1202 of the Code of Civil Procedure, would have had an additional 30 days to file her own posttrial motion challenging the grant of defendants' posttrial motion. See 735 ILCS 5/2—1202 (West 1996). This contingency is exactly what Rule 303 is meant to prevent, *i.e.*, a notice of appeal is not timely until all motions are disposed of in a timely fashion by the trial court. We therefore hold that plaintiff's notice of appeal filed on July 1, 1996, was untimely and of no effect.

■ We next determine whether we have jurisdiction to consider plaintiff's amended notice of appeal which she filed on November 6, 1996. On August 23, 1996, the trial court ruled that defendants' posttrial motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, was "off call," thereby disposing of the motions before it. Any appeal from the trial court's judgment was required to be filed within 30 days of August 23, 1996, to satisfy Rule 303. Since plaintiff's amended notice of appeal was not filed until 75

days after the entry of the order disposing of defendants' posttrial motion, the amended notice of appeal was untimely and we lack jurisdiction to consider it.

We also find that the trial court's August 23, 1996, order, which merely ordered defendants' posttrial motion "off call" without disposing of the motion on the merits, has no effect on the timeliness of plaintiff's first notice of appeal. Rule 303 merely provides that a valid postjudgment motion be *filed*. 155 Ill. 2d R. 303. Once the motion is filed, any prior filing of a notice of appeal is of no effect. For all practical purposes, it is as if the notice of appeal never existed. 155 Ill. 2d R. 303. Rule 303 specifically mandates that "a notice of appeal filed before the entry of the order disposing of the last pending post-judgment motion *shall* have no effect and *shall* be withdrawn by the party who filed it, by moving for dismissal pursuant to Rule 309." (Emphasis added.) 155 Ill. 2d R. 303(a)(2). The rule does not require that the order disposing of the last pending posttrial motion be disposed of on its merits, and it requires that the prior notice of appeal be withdrawn. The operative time for purposes of divesting this court of jurisdiction, when a notice of appeal has previously been filed, here July 1, 1996, is the *filing* of a posttrial motion, here July 3, 1996. Once the posttrial motion was filed, plaintiff's prior notice of appeal became ineffective.

■ Lastly, we consider defendants' notice of cross-appeal filed on September 20, 1996. The last day to file an appeal was September 23, 1996, which was 30 days from the entry of the trial court's order taking defendants' posttrial motion off the call. As such, even though defendants are cross-appealing, the basis of the appeal is independent of the basis of the plaintiff's flawed appeal and was timely filed. Defendants appeal from three orders of the trial court. Defendants state that the first order was entered May 30, 1996, denying their motion for a directed verdict. However, a review of the record reveals no such motion on May 30, 1996, and the trial court's half sheets show no such motion on that date. The second order, entered on June 3, 1996, denied defendants' motion for a directed verdict as to plaintiff's breach of contract count. The third, entered on August 23, 1996, ordered defendants' posttrial motion off call.

Supreme Court Rule 343(b)(1) (155 Ill. 2d R. 343(b)(1)) states, in relevant part, that "[a] cross-appellant shall file a single brief as appellee and cross-appellant at the time his *** brief as appellee is due." Supreme Court Rule 341 requires an appellant, or in this case a cross-appellant, to provide citations to relevant authority supporting arguments advanced on appeal. *Weidner v. Szostek*, 245 Ill. App. 3d 487, 494, 614 N.E.2d 879 (1993). In the present case, defendants' brief only contains arguments in response to plaintiff's brief; defendants failed

to make any argument or, consequently, cite to authority regarding the issues raised in their cross-appeal relative to the three orders set forth in their notice of appeal. "A reviewing court is entitled to have issues clearly defined with pertinent authority cited and coherent arguments presented; arguments inadequately presented on appeal are waived." *Holmstrom v. Kunis*, 221 Ill. App. 3d 317, 325 (1991). We therefore dismiss defendants' cross-appeal based on their failure to comply with Supreme Court Rules 341 and 343. See *People v. Kraft*, 277 Ill. App. 3d 221, 660 N.E.2d 114 (1995).

For the reasons stated, we dismiss plaintiff's appeal for lack of jurisdiction, and defendants' cross-appeal for failure to comply with supreme court rules.

No. 1—96—2344, Dismissed.
No. 1—96—3712, Dismissed.

CAHILL, P.J., and LEAVITT, J., concur.